416 A.2d 1092

COMMONWEALTH of Pennsylvania

v.

**John ROSS, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted July 30, 1979.

Filed Dec. 21, 1979.

68

Anthony Meglio, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, MANDERINO and CIRILLO, JJ.*

WATKINS, Judge:

This is an appeal from the order of the Court of Common Pleas of Philadelphia County, Criminal Trial Division, by the defendant, John Ross, Jr., after his conviction by a judge sitting without a jury of voluntary manslaughter and a weapons charge. He was sentenced to a term of not less than two (2) nor more than (10) years imprisonment. The defendant raises several issues in this appeal.

On November 20, 1976, the defendant stabbed to death one Richard Moregrass in the residence of the defendant's estranged wife. Moregrass was his wife's paramour. Defendant had arrived at the house late at night ostensibly to repair a broken screen door. His wife was asleep at the time and apparently was unaware of defendant's presence at the scene. Later the victim entered the home in an intoxicated condition.[1] His entry was preceded by a bang at the front door. Defendant then went into the living room and saw the victim standing there. As he entered the living room, defendant carried a knife he had picked up in the kitchen. Upon seeing the victim, the defendant began stabbing him with the knife. A struggle ensued during which the defendant stabbed the victim several times. The struggle continued outside the house during which the defendant stabbed the victim several more times. The victim then dropped to the ground where his body was found by the police. The cause of the victim's death was established as six stab wounds to his abdomen, chest and back.

The evidence also established that the only blood found either inside the house or outside on the sidewalk was that of the victim. Defendant suffered no bruises nor tearing of his clothes during the incident. The victim carried no weap-

---

* Justice Louis L. Manderino of the Supreme Court of Pennsylvania, and Judge Vincent A. Cirillo of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

1. A post mortem examination of the victim revealed that his blood alcohol count was .35.

ons, nor did he say anything to the defendant upon entering the house. He carried only a frozen chicken which was found inside the house near the place where he was initially attacked by the defendant. Defendant had not fixed the door securely. Defendant admitted in a statement given to the police after he had been provided with his *Miranda* warnings that he knew the victim previously, that he knew the victim was seeing his wife, and had been warned by the victim not to "come around no more".

Defendant's first assignment of error is that the evidence was not sufficient to convict him of voluntary manslaughter and that he was entitled to a defense of self-defense as a matter of law. With this contention we disagree. The use of deadly force is justified only where the actor believes that such force is necessary to protect himself against death or serious injury. *18 Pa.C.S.A. 505.* If the slayer did not reasonably believe that he was in imminent danger of death or great bodily harm and that there was a necessity to use such force in order to save himself therefrom then his use of deadly force was not justified. *Commonwealth v. Black*, 474 Pa. 47, 376 A.2d 627 (1977). In the instant case, the evidence indicated that the victim had not threatened the defendant nor taken any menacing actions towards the defendant at all on the night of the killing. The fact that the defendant continued to stab the victim even after the participants had moved out into the street was also inconsistent with defendant's self-defense assertion. The defendant was not bruised during the incident, suffered no lacerations, nor were his clothes even torn. Under the above set of facts we hold that the finder of fact was justified in rejecting defendant's self-defense claim.

Defendant's second contention is that his attorney was ineffective for failing to move to suppress defendant's statements made to the police regarding the incident. However, an attorney is not ineffective for failing to raise issues which are clearly non-meritorious. *Commonwealth v. Myers*, 481 Pa. 217, 392 A.2d 685 (1978). Before making his formal statement the defendant had been given his *Miranda*

warnings by the police. Therefore, defendant's statement was clearly admissible at his trial and his counsel was not ineffective for failing to file a motion to suppress said statement. Besides, the defendant never denied killing the victim. His defense was self-defense which was consistent with his admission of the killing. When the police arrived the defendant stated that: "I stabbed that motherfucker. He was trying to break into my house". This statement was consistent with defendant's self-defense claim. Later, inside the house the defendant told police that he stabbed the victim because the victim was having an affair with his wife. These statements were spontaneous utterances by the defendant for which no *Miranda* warnings were necessary. See *Commonwealth v. Myers*, supra. Because the statements made by defendant to the police were clearly admissible we hold that defendant's counsel was not ineffective for failing to move to suppress them.

Defendant also claims that his trial counsel was ineffective for failing to call certain witnesses at his trial. Defendant claims that the witnesses would testify that the victim threatened the defendant with bodily harm on a number of prior occasions. However, the defendant did not testify to such occurrences himself, although he testified in his own defense, and defendant never alleged that he communicated to his attorney the existence of such witnesses. Because defendant never clearly established that he had informed his attorney of the alleged witnesses, we cannot hold that his attorney was ineffective for failing to call them. *Commonwealth v. Owens*, 454 Pa. 268 312 A.2d 378 (1973). This issue cannot, therefore, be considered on this direct appeal as the burden is on the defendant to establish that he communicated his desire to call such witnesses to his trial counsel.

Defendant also claims that he was induced to waive a jury trial by his trial counsel's promise to him that he would receive probation if convicted non-jury. The record reveals that before his trial defendant was asked by the trial court: "Q. Now, has anyone promised you anything or threatened

you to make you give up your right to a jury trial? A. No, sir. Q. Do you understand now that I've reviewed your rights with you and I've told you what the law provides that you do not have to give up a jury trial and that nobody can force you to give it up? A. Yes, sir. Q. Do you still wish to waive a trial by jury and have me decide the question of guilt or innocence? A. Yes, sir."

Thus, defendant's own answers to the questions posed to him by the trial judge belie his assertion that various promises were made to him.

Order affirmed.

This decision was reached prior to the death of MANDERINO, J.