534 A.2d 483

**COMMONWEALTH of Pennsylvania,**

v.

**Richard PETRAS, Appellant.**

Superior Court of Pennsylvania.

Argued May 28, 1987.

Filed Nov. 30, 1987.

374

James Bacon, Philadelphia, for appellant.

Alan Sacks, Assistant District Attorney, Philadelphia, for Com., appellee.

Before ROWLEY, KELLY and WATKINS, JJ.

KELLY, Judge:

Following a bench trial, appellant, Richard Petras, was convicted of involuntary deviate sexual intercourse involving oral sodomy on a thirteen year old male. On March 18, 1986, appellant was sentenced to a term of three to six years imprisonment. Appellant contends in this appeal that trial counsel rendered ineffective assistance thereby deny-

ing him a fair trial. We remand for an evidentiary hearing with respect to one of appellant's allegations of ineffectiveness.

The facts and procedural history of this case are accurately set forth in the opinion of the trial court and will be repeated herein only as necessary for the disposition of the contentions raised by appellant. Appellant contends that, individually and collectively, alleged errors by trial counsel denied him a fair trial. Specifically, appellant contends that his attorney was ineffective in: 1) failing to interview and/or call Edwin C. as a defense witness; 2) failing to impeach the victim with prior inconsistent statements; 3) failing to properly cross-examine the police officers; 4) failing to demand a bill of particulars or to request a continuance; and 5) failing to object to allegedly improper and inflammatory information presented to the sentencing court in the presentence report. We find no merit in appellant's second, third, fourth, and fifth contentions. With regard to appellant's first contention, we find we must remand for an evidentiary hearing. We shall discuss each allegation of ineffectiveness *seriatim.*

The burden of establishing ineffective assistance of counsel rests upon the appellant as counsel's stewardship is presumed to be effective. *Commonwealth v. McNeil,* 506 Pa. 607, 487 A.2d 802 (1985). "In this Commonwealth we have long used, to gauge ineffectiveness of counsel's stewardship, the test set forth in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967)." *See Commonwealth v. Saxton,* 516 Pa. 196, 201, 532 A.2d 352, 354 (1987) (citing cases). In *Commonwealth ex rel. Washington v. Maroney, supra,* the process of measuring the effectiveness of counsel was described by our Supreme Court as follows:

Our task ... encompasses both an independent review of the record, .... and an examination of counsel's stewardship of the now challenged proceedings in light of the available alternatives.... We cannot emphasize strongly enough, however, that our inquiry ceases and counsel's

assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis.

235 A.2d at 352–53. Our Supreme Court also made clear that, for relief to be granted, the accused must demonstrate that counsel's ineffectiveness worked to his prejudice:

Since our test requires that we examine the approach employed by trial counsel in light of the available alternatives, a finding of ineffectiveness could never be made unless we concluded that the alternatives not chosen offered a potential for success *substantially greater than the tactics actually utilized.*

235 A.2d at 353 n. 8. (Emphasis added).

■ Thus, in order to establish a claim of ineffectiveness, appellant must establish that: by act or omission counsel was arguably ineffective; counsel's act or omission could not have had a reasonable basis designed to effectuate appellant's interests; * and appellant was prejudiced by the act or omission in that but for the arguably ineffective act or omission there is a reasonable probability that the result would have been different. *Commonwealth v. Pierce* 515 Pa. 153, 157–158, 527 A.2d 973, 975–76 (1987); *see also Commonwealth v. Johnson,* 516 Pa. 407, 413, 532 A.2d 796, 799 (1987). ("The standard of review is that there must be a reasonable probability that but for counsel's unprofessional errors, the result of the trial would have been different.").

* The test must be objective rather than subjective. If the Court determines that a reasonable basis designed to effectuate the appellant's interests exists for a particular act or omission, then, regardless of counsel's purported subjective motivations for the act, appellant can not be said to have been denied a fair trial. The reasonableness of the act or omission precludes a finding of ineffectiveness. *Maroney, supra.*

■ When an arguable claim of ineffective assistance of counsel has been made, and there has been no evidentiary hearing in the court below to permit the defendant to develop evidence on the record to support the claim, and to provide the Commonwealth an opportunity to rebut the claim, this Court will remand for such a hearing. *See Commonwealth v. Spotts*, 341 Pa.Super. 31, 33, 491 A.2d 132, 134 (1985). However, remand for an evidentiary hearing is not a discovery tool wherein counsel may conduct investigation and interrogation to search for support for vague or boilerplate allegations of ineffectiveness. Rather, appellant "must set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective," before remand for an evidentiary hearing will be granted. *Commonwealth v. Pettus*, 492 Pa. 558, 563, 424 A.2d 1332, 1335 (1981). Moreover, if it is clear that: the allegation lacks arguable merit; an objectively reasonable basis designed to effectuate appellant's interests existed for counsel's actions or inactions; or appellant was not prejudiced by the alleged error by counsel, then an evidentiary hearing is unnecessary. *Commonwealth v. Clemmons*, 505 Pa. 356, 361, 479 A.2d 955, 957 (1984).

■ Appellant first contends that trial counsel was ineffective in failing to interview and/or present Edwin C. as a defense witness. To obtain relief on this claim, appellant is required to establish that: 1) the witness existed; 2) the witness was available; 3) counsel was informed of the existence of the witness or counsel should otherwise have known of him; 4) the witness was prepared to cooperate and testify for appellant at trial; and 5) the absence of the testimony prejudiced appellant so as to deny him a fair trial. *See Commonwealth v. Griffin*, 357 Pa.Super. 308, 319, 515 A.2d 1382, 1387–88 (1986); *Commonwealth v. Ross*, 273 Pa.Super. 67, 71, 416 A.2d 1092, 1094 (1979). Appellant's proffer met each of these requirements.

At a hearing on appellant's post-verdict motions, appellant's new counsel proffered evidence that Edwin C. could

and would have testified at trial that he was in the van with appellant and the alleged victim the one and *only* time that appellant and the victim were alleged to have been in appellant's van together, and that no illegal sexual activity occurred on that occasion. (N.T. 3/18/86 at 9–10). Counsel indicated for the record that Edwin C. was present at the hearing. (N.T. 3/18/86 at 11). Appellant's motion for a new trial was denied on the basis of the proffer without entertaining testimony from Edwin C. (N.T. 3/18/86 at 18).

It is important to note the alleged victim testified at trial that: Edwin C. and his cousin Tito introduced him to appellant (N.T. 9/18/85 at 18); he believed that Edwin C. was in the van at the time of the alleged offense (N.T. 9/18/85 at 22, 26); and he was only in appellant's van *one* time (N.T. 9/18/85 at 25, 29). Prior counsel had notice of Edwin C.'s potential importance as a witness, as the alleged victim had indicated during the preliminary hearing that Edwin C. had introduced him to appellant (N.T. 3/25/85 at 9), and a friend was in the van with him at the time of the alleged offense (N.T. 3/25/85 at 15).

We find that appellant's proffer presents a claim of arguable merit. Further, we find that no objectively reasonable basis designed to effectuate appellant's interest appears on the record for failing to interview or present Edwin C. as a witness; and that Edwin C.'s proffered testimony could very likely have affected the outcome of the case as it directly contradicts the victim's testimony. Consequently, we will remand for an evidentiary hearing on this issue. *Commonwealth v. Spotts, supra.* Although the Commonwealth argues that counsel declined to call Edwin C. as a witness as a matter of trial tactics, we are not willing to accept this supposition on the present meager record. The Commonwealth may, of course, pursue this theory or any other theory to rebut appellant's proffered evidence of counsel's apparent ineffectiveness during proceedings on remand.

█ Appellant's second and third contentions regard alleged deficiencies in trial counsel's cross-examination of the

victim and the police officers who testified for the prosecution. The gist of appellant's argument is that trial counsel failed to make effective use of cross-examination to establish that the prosecution had the victim change his story regarding the date of the incident (from March 1984 to the summer of 1984) when the Commonwealth belatedly realized that appellant did not own the vehicle in which the incident was alleged to have taken place until the summer of 1984. (Appellant's Brief at 36–40). We find no merit to these claims of ineffectiveness.

At trial, the victim testified that he was not certain what month the incident took place. (N.T. 3/25/85 at 24). Upon questioning by the trial court, the victim indicated that he thought it was summer. (N.T. 3/25/85 at 26). The prosecutor then asked whether school was still in session; the victim responded that school was finished. (N.T. 3/25/85 at 27). Prior to cross-examination, appellant's trial counsel moved to strike the direct testimony based upon its variance from the information filed against appellant which indicated the incident occurred in March of 1984. (N.T. 3/25/85 at 28). The motion was denied. Although counsel cross-examined the victim regarding various other issues, counsel did not confront the victim with prior inconsistent statements made regarding the date of the incident. (N.T. 3/25/85 at 28–34). However, counsel was permitted to have the victim's preliminary hearing testimony pertaining to the date of the incident read into the record without objection, as a prior inconsistent statement; the preliminary hearing testimony established that the victim had previously indicated the incident occurred in March of 1984. (N.T. 3/25/85 at 56–60).

During direct examination at trial, Officer Dennis Guzy presented no testimony regarding the victim's statements concerning the date of the incident. (N.T. 3/25/85 at 37–40). On cross-examination, Officer Guzy testified that his handwritten notes of the initial investigation indicated that the victim had stated that the incident occurred "maybe in June," but that his partner had made a notation indicating that it might have occurred in March. (N.T. 3/25/85 at

41–42). On redirect, Officer Guzy testified that his brief summary in the typed police report indicated that the incident occurred in March; he explained that the earlier date was probably included as a result of his partner's notation. (N.T. 3/25/85 at 43).

Officer Guzy's partner, Officer James McGinnis, testified on direct examination that the March 1984 date included in his note, the formal police report, and later documents represented "the earliest date it could have been,...." (N.T. 3/25/85 at 45). He explained that the victim indicated that he entered Northern Homes in March and that the incident occurred after the victim went to Northern Homes; therefore, despite the victim's uncertainty as to when the incident occurred, the officers concluded that the incident had to have occurred after the beginning of March of 1984. (N.T. 3/25/85 at 45). Counsel did not cross-examine Officer McGinnis on this issue.

█ Initially, we note that trial decisions, especially those pertaining to the nature and extent of cross-examination, are matters of style and tactics involving subtle stratagems which ordinarily are within the exclusive province of the trial counsel. *See Commonwealth v. Fulton*, 318 Pa.Super. 470, 465 A.2d 650 (1983); *Commonwealth v. Metzger*, 295 Pa.Super. 267, 441 A.2d 1225 (1981). So long as counsel's tactical decisions may be objectively viewed as having a reasonable basis designed to effectuate the client's interest, his stewardship cannot be deemed ineffective and the defendant cannot be said to have been denied a fair trial. *See Commonwealth v. Buehl*, 510 Pa. 363, 508 A.2d 1167 (1986); *Commonwealth ex rel. Washington v. Maroney*, *supra.*

In the instant case, appellant argues that counsel was ineffective because he did not confront the victim with his prior inconsistent statement that the incident occurred in March, and did not demand an accounting for the inconsistency. (Appellant's Brief at 34). The record reveals that counsel instead chose to impeach the victim, without offering the victim a chance to explain away the conflict, by having the entire prior inconsistent statement admitted into

the record by stipulation. This choice of tactics was manifestly reasonable. We note that a similar allegation of ineffectiveness was rejected in *Commonwealth v. Clemmons, supra,* wherein our Supreme Court stated:

> ... trial counsel did use the [prior inconsistent] preliminary hearing [testimony] as a means of impeachment. This is a classic hindsight evaluation of the record; that [appellate counsel] would have perhaps impeached the witness in a different way or by a different style does not constitute ineffectiveness of counsel.

479 A.2d at 960. The same conclusion obtains instantly.

Similarly, we find that trial counsel's decision not to examine the police officers further regarding the discrepancies in the victim's statements as to when the incident occurred was objectively reasonable. All of the facts necessary to the argument that the prosecution had the victim change his story as to when the incident occurred were on the record; counsel was already free to make that argument at closing. Appellant does not contend that trial counsel failed to reveal specified hidden facts; rather, appellant complains that counsel failed to properly confront the witnesses with known facts already of record. This allegation clearly regards a choice of style and tactics rather than an arguable claim of error by counsel. Indeed, counsel appears merely to have heeded the sage advice of the venerable trial advocate Rufus Choate who warned:

> Never cross-examine any more than is absolutely necessary. If you don't break the witness, he breaks you; for he only repeats over in stronger language to the jury his story. Thus, you only give him a second chance to tell his story to them. And besides by some random question you may draw out something damaging to your own case.

*Quoted in* Clark, *Great Sayings by Great Lawyers,* at 156 (1922).

The record of this case clearly demonstrates the wisdom of Mr. Choate's advice and the reasonableness of counsel's election to forego further cross-examination of the police officers on this issue. Both officers had clearly diminished the importance of the inconsistencies with plausible expla-

nations.   Clearly, further cross-examination would have risked erosion of counsel's basis for argument on this issue by providing the officers with an opportunity to elaborate and expand upon the explanations given.   Counsel's decision to forego further confrontation with these witnesses can be objectively viewed as reasonable;  hence, the ineffectiveness claims pertaining to cross-examination of the witnesses must fail.  *Buehl, supra; Maroney, supra.*

■ We also find no merit in appellant's fourth contention that counsel was ineffective in failing to demand a bill of particulars or request a continuance.   Succinctly, appellant has failed to specify how his case would have been improved by the actions.   Presumably, the actions would have given counsel more time to prepare, but to prepare what?   Because appellant has failed to establish the efficacy of the actions which he suggests counsel should have taken, we find no arguable merit in this claim.  *Pierce, supra; Buehl, supra.*   The issue of the victim's confusion and uncertainty as to the date of the incident was effectively presented to the trial court (N.T. 9/18/85 at 24, 26, 28, 41, 43, 45, 55); appellant's post-verdict allegation that additional notice and preparation might have resulted in more effective use of these facts is simply too vague and speculative to provide a basis for a finding of ineffectiveness.  *See Commonwealth v. Pettus, supra.*

■ Finally, we reject appellant's contention that counsel was ineffective in failing to object to the inclusion in the presentence report submitted to the sentencing court of statements regarding prior incidents of sexual conduct with other male juveniles which did not result in arrests or convictions.   First, the statement of the juvenile who introduced the victim to appellant, and appellant's general admission of prior sexual conduct with some of the boys, were included in the presentence report at the behest of the prosecution only to rebut appellant's prior statement to the presentence investigator that he never had sex with juveniles.   Appellant clearly opened the door for inclusion of such information in the report by his blanket denial of such conduct.  *Accord Commonwealth v. Trignani,* 334 Pa.Su-

per. 526, 541, 483 A.2d 862, 869 (1984). Second, and more importantly, we find that, so long as the sentencing court is aware that no arrest or conviction resulted, such information may properly be considered by a sentencing court even where appellant has not opened the door. "Prior connections, of whatever nature, with law enforcement authorities are unquestionably among the circumstances to be scrutinized" in determining the appropriate sentence. *Commonwealth v. Lupatsky*, 341 Pa.Super. 338, 341–42, 491 A.2d 845, 847 (1985); *see also Commonwealth v. Darden*, 366 Pa.Super. 597, 606, 531 A.2d 1144, 1149 (1987); *Commonwealth v. Scheinert*, 359 Pa.Super. 423, 431, 519 A.2d 422, 427 (1986) (Kelly, J., concurring; Cavanaugh, J., joins); *Commonwealth v. Palmer*, 315 Pa.Super. 601, 462 A.2d 755 (1983). We note that we review here only the appropriateness of considering such information and not the weight to be accorded to it.

## CONCLUSION

Based upon the foregoing, the case is remanded to the trial court for an evidentiary hearing upon the issue of whether counsel was ineffective in failing to interview and/or call Edwin C. as a witness. Jurisdiction of this Court is relinquished.