620 A.2d 1143

**COMMONWEALTH of Pennsylvania**

v.

**Neil GILLESPIE, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 17, 1992.

Filed Jan. 6, 1993.

Reargument Denied March 12, 1993.

Bradley S. Bridge, Asst. Public Defender, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before OLSZEWSKI, KELLY and HOFFMAN, JJ.

KELLY, Judge:

In this appeal, we are called upon to determine whether trial counsel's failure to interview and present character witnesses, referred to him by his client, constitutes ineffective

assistance of counsel. We conclude that the principles of *Commonwealth v. Weiss,* 530 Pa. 1, 606 A.2d 439 (1992), are applicable to this case; therefore, counsel failed to represent his client competently. Accordingly, we reverse and remand for a new trial.

This case abounds with conflicting testimony about the relationship among appellant, the complainant and a woman named Lorraine. The trial court determined that appellant was not willing to accept the fact that Lorraine was not interested in dating him. The true nature of the relationship between Lorraine and appellant is unclear, as Lorraine testified that she never dated appellant (N.T. Oct. 25, 1991 at 50), yet Lorraine's mother testified that her daughter and appellant had dated in the past. (*Id.* at 59). Appellant contends that the relationship resulted in a wedding engagement. (*Id.* at 71). The complainant was Lorraine's current boyfriend.

The trial court found that appellant had engaged in stalking behavior which consisted of vandalizing Lorraine's car, making unsolicited phone calls to Lorraine and the complainant and provoking personal confrontation between the parties. The trial court determined that appellant had convinced himself that he was engaged to marry Lorraine, and that she was being beaten by the complainant. (Trial Court Opinion, May 21, 1991, at 1–2).

On the evening of March 19, 1991, appellant knocked on the back door of complainant's place of business. The trial court found that appellant sprayed the complainant in the face with mace when the complainant stepped into the alley to see who had knocked on the door. The testimony regarding this incident was conflicting, but the trial court found the complainant's version to be the more credible and convicted appellant of simple assault. There were no other fact witnesses to the confrontation.

Before sentencing, appellant retained new counsel and in post-trial motions, attempted to establish that trial counsel was ineffective for failing to interview and present all of the character witnesses referred by appellant. This post-trial

motion, *inter alia,*[1] was denied by the trial court. This timely appeal followed.

In his quest for a new trial, appellant raises only one issue. He contends that trial counsel rendered ineffective assistance. Specifically, appellant contends that his attorney was ineffective in failing to interview and/or call the character witnesses, a list of which appellant had supplied him before trial.

It is well-settled that the burden of establishing a claim of ineffective assistance of counsel rests upon the appellant, as counsel's stewardship is presumed to be effective. We apply the test set forth in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967), measuring the effectiveness of counsel as described there:

> Our task ... encompasses both an independent review of the record, .... and an examination of counsel's stewardship of the now challenged proceedings in light of the available alternatives.... We cannot emphasize strongly enough, however, that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis.

*Id.* at 604–05, 235 A.2d at 352–53. For relief to be granted, appellant must demonstrate that counsel's ineffectiveness worked to his prejudice. The *Maroney* Court continued:

> Since our test requires that we examine the approach employed by trial counsel in light of the available alternatives, a finding of ineffectiveness could never be made unless we conclude that the alternatives not chosen offered a potential for success *substantially greater than the tactics actually utilized.*

---

**1.** Appellant presented six other issues on post-trial motions. Trial court found that these issues were without merit.

*Id.* at 605 n. 8, 235 A.2d at 353 n. 8 (emphasis added). *See also Commonwealth v. Carelli,* 377 Pa.Super. 117, 546 A.2d 1185 (1988); *Kitrell v. Dakota,* 373 Pa.Super. 66, 540 A.2d 301 (1988).

■ Thus, our standard when reviewing a claim of ineffective assistance of counsel is whether appellant established that: (1) by act or omission counsel was arguably ineffective; (2) counsel's act or omission could not have had a reasonable basis designed to effectuate appellant's interests; and (3) appellant was prejudiced by the act or omission and, but for that act or omission, there was a reasonable probability that the result would have been different. *Commonwealth v. Petras,* 368 Pa.Super. 372, 376, 534 A.2d 483, 485 (1987). The *Petras* court held that in order for a defendant to obtain relief due to trial counsel's ineffectiveness exemplified by counsel's failure to interview and/or present a defense witness, he must establish that:

> 1) the witness existed; 2) the witness was available; 3) counsel was informed of the existence of the witness or counsel should otherwise have known of him; 4) the witness was prepared to cooperate and testify for appellant at trial; and 5) the absence of the testimony prejudiced appellant so as to deny him a fair trial. *See Commonwealth v. Griffin,* 357 Pa.Super. 308, 319, 515 A.2d 1382, 1387–88 (1986); *Commonwealth v. Ross,* 273 Pa.Super. 67, 71, 416 A.2d 1092, 1094 (1979).

*Id.* 368 Pa.Super. at 377, 534 A.2d at 485.

■ It is well-settled that where there are only two direct witnesses of a particular incident, as in the instant case, the complainant and the appellant, the credibility of those witnesses is of the utmost importance, and character evidence is vital to the jury's determination of credibility. *Commonwealth v. Weiss,* 530 Pa. 1, 6, 606 A.2d 439, 442 (1992). Evidence of good reputation is, therefore, substantive, not simply "make weight, thrown in to assist in the production of the result." *Commonwealth v. Neely,* 522 Pa. 236, 241, 561 A.2d 1, 3 (1989), *quoting Commonwealth v. Cleary,* 135 Pa. 64, 82, 19 A. 1017, 1019 (1890). "Evidence of good character ... may of

itself, by the creation of a reasonable doubt, produce an acquittal." *Id.* at 82–83, 19 A. at 1018. Testimony at the post-trial hearing reveals a stipulation among the parties that the witnesses were available and would have been willing to testify to appellant's good, peace-loving character. Appellant's claim, therefore, is not without merit.

Next, we must examine the record to determine whether trial counsel had a reasonable basis for failing to present character witnesses at appellant's trial. Counsel testified at the post-trial hearing that he had been informed of the existence of the witnesses. In fact, he stated that, prior to trial, appellant had given him a list of names and phone numbers of potential character witnesses. Counsel explained that he failed to contact the potential character witnesses because he feared that a piece of "uncharged misconduct," on the nature of which he did not elaborate, might have come out at trial if he opened the door on the issue of character. (N.T. March 18, 1992 at 20–21). Clearly, this decision was not a tactical one made after thoroughly investigating and weighing all of the alternatives. Trial counsel did not base his decision on information he discovered after interviewing the witnesses, because he never contacted them. We find that counsel's decision neither to present nor even to contact and interview the character witnesses had no objectively reasonable basis designed to effectuate appellant's interest.

Finally, we look to see if appellant was prejudiced by counsel's ineffectiveness, in that the alternative not chosen by counsel offered a substantially greater chance of success than the tactic chosen, focusing our attention on his overall trial strategy. To reiterate, the *Weiss* Court stated that character evidence is vital to the jury's determination of credibility, and that by creating a reasonable doubt, that evidence may produce acquittal. Thus, the lack of character evidence undoubtedly prejudiced appellant, and the ineffective assistance of appellant's trial counsel undermined the fairness of the proceeding.

In conclusion, we hold that appellant's claim is not without merit, there was no reasonable basis for trial counsel's inac-

tion, and appellant was prejudiced as a result of the quality of trial counsel's representation. Therefore, we must reverse the judgment of sentence and remand for a new trial.

Judgment of sentence reversed. Case remanded. Jurisdiction relinquished.