J-A06040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SALMAR METTS | |
| Appellant | No. 764 EDA 2014 |

Appeal from the PCRA Order March 3, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0003292-2008

BEFORE: PANELLA, J., OTT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED MARCH 26, 2015**

Appellant Salmar Metts appeals from the order entered in the Delaware County Court of Common Pleas which dismissed his petition seeking relief pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The PCRA court sets forth the relevant facts of this appeal as follows:

> This case arises from the shooting and death of Christopher Howell ["Victim"] on May 21, 2008. At approximately 5:30 pm that evening[,] [Victim] was on Weymouth Street in Darby Borough, Delaware County, with three other young men. The men were drinking alcohol and smoking marijuana. [Appellant] and three of his friends were also on Weymouth Street. An argument between [Appellant] and [Victim] began because [Victim]

---

[1] 42 Pa.C.S. §§ 9541-9546.

allegedly did not want [Appellant], who was a resident of Chester, on Weymouth Street where [Victim's] friend lived.

A witness, Rashaad Carroll, testified at trial that he was with [Victim]. Carroll testified that he intervened in the argument and escorted [Victim] away. Carroll also testified that no punches were thrown. Another witness who was a friend of [Appellant], Jabree Branch, corroborated this testimony at trial. The two groups subsequently parted ways. Later that evening at approximately 10:00 pm, both groups arrived back on Weymouth Street.

Carroll testified that [Victim] was seated in Carroll's vehicle near his home. [Appellant] and his friends arrived and stood by a fence near the car. [Victim] was looking at [Appellant] and words were exchanged between the two. [Victim] attempted to get out of the vehicle and Carroll tried to hold him back. [Victim] was partially out of the vehicle when [Appellant] pulled out a revolver and shot [Victim] from a distance of approximately three feet. [Victim] was hit and began running away from [Appellant]. [Appellant] then shot at [Victim] several more times. After shooting [Victim], [Appellant] and his friends ran away.

Carroll testified that the following day he drove to the Darby Borough Police Department to speak with a detective regarding the shooting. Carroll identified [Appellant] as the shooter from a photo array. Carroll also provided police with a signed statement about the shooting. Carroll also testified that [Victim] never carried a gun and did not have a gun on him at the time that he was shot and killed by [Appellant]. That evening the police arrived at [Appellant's] sister's home and arrested [Appellant].

The Delaware County Medical Examiner, Dr. Frederick Hellman, also testified at trial. The Examiner testified that [Victim] died as a result of multiple gunshot wounds. One bullet wound was to the base of his neck having entered from the front and the other four wounds were inflicted to [Victim's] back as he was running. Dr. Hellman concluded that the gunshot wounds were inflicted from a distance of more than a few feet away based upon the absence of

- 2 -

gunpowder particles on [Victim]. Tests upon [Victim] reflected that there was no indication that he had recently handled or fired a firearm.

PCRA Court Opinion, filed October 9, 2014 at 1-2 (citations to the record and unnecessary capitalization omitted).

The trial court sets forth some of the relevant procedural history of this appeal as follows:

On May 23, 2008, [Appellant] was arrested and charged with criminal homicide and related offenses in connection with the events of May 21, 2008. From September 29, 2009 through October 2, 2009[,] a trial was held before the Honorable Ann A. Osborne. [Appellant] was represented by Mary Beth Welch, Esq. at trial.[2]

On January 20, 2010, [Appellant] was sentenced to a term of 20 to 40 years['] imprisonment for murder in the third degree, and to consecutive terms of 42 to 84 months for firearms without a license and 12 to 24 months for possession of an instrument of crime.[3]

On February 17, 2010, counsel for [Appellant] filed a post-sentence motion for arrest of judgment, for judgment of acquittal, and for a new trial.[4]

On December 21, 2010, the court permitted Mary Elizabeth Welch, Esq. to withdraw as counsel for [Appellant]. Jordan

---

[2] The court conducted a previous trial from June 2, 2009 through June 5, 2009, in which Appellant was represented by different counsel, Thomas Dreyer, Esq. The jury was unable to reach a unanimous verdict, and the court declared a mistrial.

[3] 18 Pa.C.S. §§ 2502, 6106, 907, respectively.

[4] In his post-sentence motion, Appellant requested an additional ten days after receipt of the notes of testimony to raise additional post-sentence motions. The court granted this request on December 23, 2010.

Zeitz was appointed by the court to represent [Appellant] in all matters directly related to the previously filed post sentence motions and for purposes of appeal.

On February 1, 2011, new counsel for [Appellant], Jordan Zeitz, Esq., filed a petition for funds for an investigator to possibly uncover "after-discovered evidence." On April 6, 2011, the request was denied.

On April 25, 2011[, Appellant] filed supplemental post-sentence motions and [a] request for an evidentiary hearing and oral argument. In this motion, [Appellant] complained of various instances of alleged trial court error, alleged that trial counsel provided ineffective assistance, requested a modification of sentence, and requested an evidentiary hearing. On July 27, 2011[,] [Appellant's] post-sentence motions were denied without a hearing.[5]

On September 21, 2011 [Appellant] filed a motion to supplement the record. On October 14, 2011 the court denied the motion.

On April 24, 2012 the Commonwealth filed a motion to strike improper exhibits, documents and arguments in Appellant's Brief and reproduced record pursuant to Pa.R.A.P. 1921. On April 30, 2012, [Appellant] filed an answer in opposition to the Commonwealth's motion to strike. On May 11, 2012, the court denied the Commonwealth's motion to strike.

PCRA Court Opinion at 2-3 (unnecessary capitalization omitted).

On August 8, 2012, this Court affirmed Appellant's January 20, 2010 judgment of sentence. Appellant filed a counseled PCRA petition on January

_____

[5] On August 25, 2011, in consideration of Appellant's notice of appeal, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of upon appeal, and Appellant timely complied.

2, 2013. After an evidentiary hearing on August 1, 2013, the court denied Appellant PCRA relief on March 4, 2014.

On March 10, 2014, Appellant filed a notice of appeal. On March 13, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on March 20, 2014.

Appellant raises the following five issues for our review:

I.    WHETHER TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO CALL CERTAIN WITNESSES AND INTRODUCE OTHER EVIDENCE WHICH WOULD HAVE ESTABLISHED THAT THE DECEDENT WAS IN FACT ARMED WITH A HANDGUN PRIOR TO BEING SHOT AND WHICH WOULD HAVE SUPPORTED AN INSTRUCTION ON BOTH MANSLAUGHTER AND SELF-DEFENSE WHERE TRIAL COUNSEL ULTIMATELY ADMITTED DURING THE EVIDENTIARY HEARING THAT SAID WITNESSES AND EVIDENCE EXISTED AT THE TIME OF TRIAL DESPITE HER CLAIMS TO THE CONTRARY?

II.   WHETHER TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO CALL APPELLANT AS A TRIAL WITNESS WHOSE TESTIMONY WOULD HAVE SUPPORTED AN INSTRUCTION ON SELF-DEFENSE?

III.  WHETHER TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO PRESENT A COGENT THEORY OF DEFENSE AND BY FAILING TO REQUEST AN INSTRUCTION ON THE THEORY OF SELF-DEFENSE?

IV.   WHETHER TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY ELICITING TESTIMONY THAT APPELLANT HAD ENGAGED IN PRIOR CRIMINAL ACTIVITY AND BY STATING IN HER CLOSING ARGUMENT THAT APPELLANT HAD ENGAGED IN SUCH ACTIVITY?

V.     WHETHER THE TRIAL COURT ERRED BY FAILING TO "WRIT
       IN" A WITNESS WHO POSSESSED "NEWLY DISCOVERED"
       EVIDENCE IN FURTHER SUPPORT OF APPELLANT'S
       POSITION THAT THE DECEDENT WAS IN-FACT ARMED
       WITH A HANDGUN PRIOR TO BEING SHOT?

Appellant's Brief at 4.

       Our well-settled standard of review for orders denying PCRA relief is

"to determine whether the determination of the PCRA court is supported by

the evidence of record and is free of legal error. The PCRA court's findings

will not be disturbed unless there is no support for the findings in the

certified record."   **Commonwealth v. Barndt**, 74 A.3d 185, 191-192

(Pa.Super.2013) (internal quotations and citations omitted).

       To be eligible for PCRA relief, a petitioner must plead and prove, by a

preponderance of the evidence, that his conviction or sentence was the

result of one or more of the following:

> (i)  A  violation  of  the  Constitution  of  this
> Commonwealth or the Constitution or laws of the United
> States which, in the circumstances of the particular
> case, so undermined the truth-determining process that
> no reliable adjudication of guilt or innocence could have
> taken place.
>
> (ii) Ineffective assistance of counsel which, in the
> circumstances of the particular case, so undermined the
> truth-determining process that no reliable adjudication
> of guilt or innocence could have taken place.
>
> (iii) A plea of guilty unlawfully induced where the
> circumstances  make  it  likely  that  the  inducement
> caused the petitioner to plead guilty and the petitioner
> is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(v) Deleted.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S. § 9543(a)(2).

In his first four issues on appeal, Appellant argues his counsel was ineffective and concludes the ineffective assistance of counsel entitles him to a new trial. We disagree.

This Court follows the **Pierce**[6] test adopted by our Supreme Court to review claims of ineffective assistance of counsel:

> When a petitioner alleges trial counsel's ineffectiveness in a PCRA petition, he must prove by a preponderance of the evidence that his conviction or sentence resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. We have interpreted this provision in the PCRA to mean that the petitioner must show: (1) that his claim of counsel's ineffectiveness has merit; (2) that counsel had no reasonable strategic basis for his action or inaction; and

---

[6] **Commonwealth v. Pierce**, 527 A.2d 973 (Pa.1987).

(3) that the error of counsel prejudiced the petitioner-*i.e.*, that there is a reasonable probability that, but for the error of counsel, the outcome of the proceeding would have been different. We presume that counsel is effective, and it is the burden of Appellant to show otherwise.

***Commonwealth v. duPont***, 860 A.2d 525, 531 (Pa.Super.2004), *appeal denied*, 889 A.2d 87 (Pa.2005), *cert. denied*, 547 U.S. 1129, 126 S.Ct 2029, 164 L.Ed.2d 782 (2006) (internal citations and quotations omitted). The petitioner bears the burden of proving all three prongs of this test. ***Commonwealth v. Meadows***, 787 A.2d 312, 319-320 (Pa.2001). "If an appellant fails to prove by a preponderance of the evidence any of the *Pierce* prongs, the Court need not address the remaining prongs of the test." ***Commonwealth v. Fitzgerald***, 979 A.2d 908, 911 (Pa.Super.2009), *appeal denied*, 990 A.2d 727 (2010) (citation omitted).

In his first and third issues, Appellant claims counsel was ineffective for failing to present a self-defense or manslaughter defense. Appellant argues counsel should have called certain witnesses who would have testified that Victim had a gun, made threatening comments about Appellant, and had a history of violent behavior. He claims that testimony from these witnesses would have supported a self-defense or manslaughter defense. Further, Appellant contends counsel was aware of the existence of the witnesses and other evidence of Victim's violence and that counsel's failure to call the witnesses and present a self-defense or manslaughter defense was ineffective. We disagree.

To obtain relief on a missing witness claim, the appellant is required to establish that (1) the witness existed; (2) the witness was available; (3) counsel was informed of the existence of the witness or counsel should otherwise have known of him; (4) the witness was prepared to cooperate and testify for appellant at trial; and (5) the absence of the testimony prejudiced appellant so as to deny him a fair trial. **Commonwealth v. Stanley**, 632 A.2d 871, 872 (Pa.1993) (citing **Commonwealth v. Petras**, 534 A.2d 483, 485 (Pa.Super.1987)). It is the appellant's responsibility to show that counsel was actually aware of the witness's existence or had a duty to know of the witness. **Id.** "Moreover, Appellant must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case." **Commonwealth v. Gibson**, 951 A.2d 1110, 1134 (Pa.2008) (internal citations omitted).

Here, because Appellant and counsel chose to employ a strategy of poking holes in the prosecution's case and not to pursue a defense of voluntary manslaughter or self-defense, Appellant did not show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case. **See Gibson, supra.**.

"Under Pennsylvania law, a homicide defendant is entitled to a charge on involuntary or voluntary manslaughter only if the evidence adduced at trial would reasonably support a verdict on such a charge."

*Commonwealth v. Soltis*, 687 A.2d 1139, 1141 (Pa.Super.1996), *appeal denied*, 695 A.2d 786 (Pa.1997).

Voluntary manslaughter is defined by statute:

**§ 2503. Voluntary manslaughter**

**(a) General rule.**--A person who kills an individual without lawful justification commits voluntary manslaughter if at the time of the killing he is acting under a sudden and intense passion resulting from serious provocation by:

(1) the individual killed; or

(2) another whom the actor endeavors to kill, but he negligently or accidentally causes the death of the individual killed.

18 Pa.C.S. § 2503.

To establish a claim of self-defense, a defendant must prove three elements: "(a) [that the defendant] reasonably believed that he was in imminent danger of death or serious bodily injury and that it was necessary to use deadly force against the victim to prevent such harm; (b) that the defendant was free from fault in provoking the difficulty which culminated in the slaying; and (c) that the [defendant] did not violate any duty to retreat." *Commonwealth v. Mouzon*, 53 A.3d 738, 740-41 (Pa.2012) (internal footnotes omitted). Although the burden is on the Commonwealth to prove beyond a reasonable doubt that the defendant was not acting in self-defense, "before the defense is properly in issue, there must be some evidence, from whatever source, to justify such a finding." *Id.* at 741.

Here, there was not enough evidence to support a finding of voluntary manslaughter or self-defense. *See Soltis, supra*; *Mouzon, supra.* Based on evidence that Appellant shot Victim in the back four times and Appellant's unwillingness to testify or admit that he shot Victim, Appellant and counsel chose to employ a strategy of poking holes in the prosecution's case instead of presenting a self-defense or voluntary manslaughter defense. For this reason, counsel had no reason to call witnesses who might have said that Victim had a gun or was violent. The PCRA court reasoned:

> Trial counsel cannot be deemed ineffective for failing to call witnesses to support defenses which were not options available to trial counsel at the time of trial.
>
> \* \* \*
>
> The evidence in this case did not support a claim of serious provocation by the victim causing a sudden and intense passion by [Appellant] resulting in [Victim's] death. There were two incidents which involved arguments between appellant and [Victim] but neither could be characterized as involving a serious provocation by [Victim] causing [Appellant] to react with a sudden and intense passion. The evidence established that there had been an exchange of words without a physical confrontation. The record is devoid of evidence of sudden and intense serious provocation which would have supported a voluntary manslaughter instruction.
>
> \* \* \*
>
> The evidence in this case did not support a claim of necessity due to imminent danger of death, great bodily harm, or the commission of a felony, resulting in [Victim's] death. There was no testimony to suggest that [Appellant] was fearful of [Victim] or believed that [Victim] had a weapon. Additionally, the testimony at trial established that once [Victim] began to run away from [Appellant],

- 11 -

> [Appellant] continued shooting and hit [Victim] four times in the back. The record is devoid of any evidence of necessity which would justify a finding of self-defense. This claim is therefore without merit.

PCRA Court Opinion at 5-7.

We agree with the PCRA court's determination that Appellant's first and third issues lack merit.

In his second issue, Appellant complains that counsel was ineffective for failing to call Appellant as a witness to support a self-defense theory. We disagree.

We observe:

> The decision of whether or not to testify on one's own behalf is ultimately to be made by the defendant after full consultation with counsel. In order to sustain a claim that counsel was ineffective for failing to advise the appellant of his rights in this regard, the appellant must demonstrate either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf.

*Commonwealth v. Michaud*, 70 A.3d 862, 869 (Pa.Super.2013) (citing

*Commonwealth v. Nieves*, 746 A.2d 1102 (Pa.2000).

> [U]nless appellant can show that counsel interfered with his freedom to decide to testify or unless appellant can point to specific advice of counsel so unreasonable as to vitiate a knowing and intelligent decision to testify, appellant cannot succeed on an ineffective assistance of counsel claim.

*Com. v. Bango*, 685 A.2d 564, 567 (Pa.Super.1996) *aff'd,* 742 A.2d 1070 (Pa.1999).

In the instant case, the PCRA court properly determined that Appellant's second claim lacks merit. The court gave Appellant a thorough colloquy of his absolute right to testify or not to testify. Appellant admitted at his PCRA hearing that he chose not to testify, despite his attorney's contrary advice. Further, as discussed above, the instruction of self-defense was not appropriate, and Appellant's testimony would not have altered the conclusion.

In his fourth issue, Appellant argues counsel was ineffective for eliciting evidence of Appellant's prior criminal activity, and for mentioning it during her closing argument. Again, we disagree with Appellant.

Appellant's counsel had a strategic basis for mentioning possible criminal activity in her closing argument, namely giving the jury some possible reasons, other than murder, that could make a person run from the police. Thus, his claim lacks merit. *See Pierce, supra*.

The trial court reasoned:

> A review of the record does not indicate that trial counsel introduced evidence that [Appellant] had engaged in prior criminal activity. During cross-examination of Detective Jay, trial counsel elicited testimony as to whether there were any controlled substances in the house, and he responded that crack cocaine was found. In trial counsel's closing argument, she stated that [Appellant] was running from the police on the night of the incident, but that this fact was not necessarily indicative of [Appellant's] guilt. She suggested to the jury that there are many reasons why one would run from the police, and stated, "Maybe you have a probation violation...maybe you failed to appear for a bench warrant...maybe there's drugs in the house." This does not constitute a statement or inference

- 13 -

to the jury that [Appellant] had a prior criminal record. Trial counsel testified that she had strategically offered these suggestions to the jury as a way of countering the Commonwealth's argument that [Appellant] "was running away from knowing that he was going to be arrested for murder." Although trial counsel did let in evidence that [Appellant] had a probation or parole violation which would have generated a warrant, this was relevant for the aforementioned purposes of furnishing the context and completing the story of the events surrounding the incident. Furthermore, trial counsel testified that she had discussed this decision with [Appellant] prior to the start of trial and that he never took issue with the proposed strategy.

In the Commonwealth's opening, the prosecutor made a statement that [Appellant] was friends with the Commonwealth's witnesses, was with them the night of the incident, and that these witnesses had criminal histories. Trial counsel states that the reason she did not object to this portion or any other of the Commonwealth's opening was because she believed "That was his explanation of why his witnesses were less than forthright and changed their stories, which was part of my defense as well." Trial counsel neither elicited testimony nor stated that [Appellant] had engaged in prior criminal activity. This claim is therefore without merit.

Trial Court Opinion at 8-9.

In his final issue, Appellant attempts to obtain PCRA relief by claiming he has newly discovered evidence, specifically a notarized letter from a fellow inmate, John Webb, who explains Victim had a gun. Appellant argues that testimony of Mr. Webb would support a self-defense theory for Appellant.

To be eligible for PCRA relief based on after acquired evidence, the appellant must plead and prove by a preponderance of the evidence "[t]he

- 14 -

unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S. § 9543 (a)(2)(vi).  A petitioner must establish that: "(1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict." *Commonwealth v. D'Amato*, 856 A.2d 806, 823 (Pa.2004) (quoting *Commonwealth v. Abu-Jamal*, 720 A.2d 79, 94 (Pa.1998)).

Appellant is attempting to introduce a letter written after the trial from a fellow inmate that Appellant claims had a conversation with a witness.  He fails to plead and prove that this letter is exculpatory evidence that was not available at the time of trial, has subsequently become available, and would change the outcome of the trial.  *See D'Amato, supra.*  The trial court reasoned:

> The letter is unsubstantiated hearsay from a convicted felon regarding a conversation he allegedly had with a Commonwealth witness after trial.  Additionally, two eye witnesses at trial, Rashaad Carroll and Jabree Branch, both testified regarding the shooting and death of [Victim] at trial.  Neither Caroll nor Branch, who is a friend of [Appellant], testified that [Victim] was carrying a handgun prior to being shot.  This claim is therefore without merit.

PCRA Court Opinion at 10.

We see no reason to disturb the PCRA court's findings or determinations because they are supported by the evidence and free of legal error. ***See Barndt, supra.*** Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/26/2015