J-S38042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :   IN THE SUPERIOR COURT OF
:         PENNSYLVANIA
               Appellee   :
:
                   v.   :
:
FRANK BAILEY, III,   :
:
           Appellant   :   No. 2118 MDA 2014

Appeal from the Judgment of Sentence entered on October 27, 2014
in the Court of Common Pleas of Lancaster County,
Criminal Division, No. CP-36-CR-0003342-2012

BEFORE: WECHT, STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:            **FILED JULY 08, 2015**

Frank Bailey, III, ("Bailey") appeals from the judgment of sentence imposed following his conviction of delivery of cocaine. ***See*** 35 Pa.C.S.A. § 780-113(a)(30). We affirm.

Bailey was arrested and charged with the above-mentioned charge, after he delivered cocaine to a confidential informant. Following a trial, the jury found Bailey guilty. On October 11, 2013, the trial court imposed a two-to-four year mandatory minimum prison term based on Bailey's delivery of cocaine in a school zone.

In a prior appeal, this Court concluded that the trial court improperly applied the two-year mandatory minimum sentence without a finding by the jury that the offense occurred in a school zone, as required by ***Alleyne v. United States***, 133 S.Ct. 1251 (2013), and remanded the case for

resentencing. *See Commonwealth v. Bailey*, 106 A.3d 177 (Pa. Super. 2014) (unpublished memorandum).

On October 27, 2014, the trial court resentenced Bailey to two to four years in prison, with a RRRI minimum sentence of 18 months. Bailey filed a timely Post-Sentence Motion on November 5, 2014. Thereafter, the trial court issued an Order granting Bailey's Motion to amend the sentencing sheet to reflect his RRRI eligibility. However, the trial court denied Bailey's request to reduce his sentence to one to two years.

Bailey filed a timely Notice of Appeal. He then filed a court-ordered Concise Statement of Errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). The trial court filed an Opinion on January 29, 2015.

On appeal, Bailey raises the following question for our review: "Did the trial court abuse its discretion by imposing a sentence at the top of the aggravated range of the [S]entencing [G]uidelines without a legitimate basis, relying upon improper 'aggravating' factors, and failing to consider mitigating factors?" Brief for Appellant at 4.

Bailey challenges the discretionary aspects of his sentence.

An appellant challenging the discretionary aspects of the sentence must invoke this [C]ourt's jurisdiction by satisfying a four-part test:

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence,

> see Pa.R.Crim.P. [720]; (3) whether the appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> * * *
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Bailey filed a timely Notice of Appeal, raised his claims in a timely Post-Sentence Motion to reconsider the sentence, and included a Rule 2119(f) Statement in his brief. Bailey's claim that the trial court imposed his sentence at the top of the aggravated range without having sufficient reasons for doing so raises a substantial question on appeal. *See* Brief for Appellant at 13; *see also Commonwealth v. Whitmore*, 860 A.2d 1032, 1036 (Pa. Super. 2004) (stating that a claim that a court failed to state adequate reasons for the sentence raises a substantial question). Further, Bailey's claim that the trial court, failed to consider mitigating factors in imposing an aggravated sentence also raises a substantial question. *See* Brief for Appellant at 15; *see also Commonwealth v. Bowen*, 55 A.3d 1254, 1263 (Pa. Super. 2012) (stating that a substantial question is raised where it is alleged that the court imposed an aggravated-range sentence

without considering mitigating circumstances). Finally, Bailey's claim that the trial court improperly used Bailey's prior drug conviction as a reason for imposing an aggravated-range sentence raises a substantial question. *See* Brief for Appellant at 13; *see also Commonwealth v. McNabb*, 819 A.2d 54, 57 (Pa. Super. 2003) (stating that "factors already used in Sentencing Guideline computations . . . may not be used to justify an aggravated sentence."). Thus, we will review Bailey's sentencing claims.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Mastromarino*, 2 A.3d 581, 589 (Pa. Super. 2010).

Bailey argues that the trial court abused its discretion by imposing a sentence in the aggravated-range without stating sufficient or appropriate reasons for doing so. Brief for Appellant at 19. Bailey claims that the Honorable Jeffery D. Wright did not have sufficient basis for sentencing in the aggravated-range because 1) Judge Wright improperly used Bailey's prior drug felony as an aggravating factor, when it was already incorporated into the sentencing guidelines; 2) Judge Wright used Bailey's "lavish lifestyle" as an aggravating factor, when there was no evidence to support that factor; and 3) Judge Wright gave no consideration to mitigating factors,

such as Bailey's completion of the "Thinking for a Change" program. *Id.* at 19-23.

Our review of the record discloses that Judge Wright considered a variety of factors in imposing an aggravated-range sentence. Judge Wright considered the Pre-Sentence Investigation Report ("PSI"), which included a statement by Bailey where he admitted that he was not a drug user. N.T. (Resentencing), 10/27/14, at 9; *see also Moury*, 992 A.2d at 171 (stating that when the sentencing court has a PSI, it is assumed that the sentencing court "was aware of all relevant information regarding defendant's character and weighed those considerations along with mitigating statutory factors"). Bailey's admission supported a finding that the crime was deliberate and not done simply to feed his addiction. N.T. (Resentencing), 10/27/14 at 9.

The record further indicates that Bailey was 29 years old, that Bailey had his GED, could read, write, and understand English, and was intelligent enough to understand the significance of his actions. *Id.* Judge Wright additionally stated that Bailey has a work history, which demonstrated that Bailey knew how to follow directions and be a productive member of society. *Id.*

Judge Wright also considered Bailey's criminal history, consisting of criminal convictions at six prior dockets. *Id.*; *see also Commonwealth v. Petras*, 534 A.2d 483, 488 (Pa. Super. 1987) (stating that prior connections

with law enforcement are among the circumstances to be scrutinized at sentencing).

Finally, Judge Wright pointed out that Bailey did not attend his first sentencing hearing, requiring the issuance of a bench warrant. N.T. (Resentencing), 10/27/14, at 10. Moreover, contrary to Bailey's assertion, Judge Wright considered the fact that Bailey completed the "Thinking for a Change" program. *Id.*

While Judge Wright stated at sentencing that Bailey led a lavish lifestyle, which Bailey contests as not supported by the record, the multitude of factors stated above supported the aggravated-range sentence. Thus, the trial court did not abuse its discretion.[1]

---

[1] Bailey also argues that the trial court should have considered a lower sentencing guideline because the offense gravity score, for delivery of less than 2 grams of cocaine was reduced from six to five after he committed the crime, but before he was sentenced. Brief for Appellant at 25. However, Bailey did not raise this issue in his Concise Statement. Thus, Bailey's claim is waived on appeal. *See Commonwealth v. Dowling*, 778 A.2d 683, 686 (Pa. Super. 2001); *see also* Pa.R.A.P. 1925(b)(vii). Further, Bailey did not raise this issue in his Post-Sentence motion; therefore, he has waived the right to have this Court address the merits of the claim. *See Moury*, 992 A.2d at 170 (stating that the defendant must preserve the issue for appeal in a post-sentence motion); *see also Commonwealth v. Lamonda*, 52 A.3d 365, 371 (Pa. Super. 2012) (stating that a claim regarding an offense gravity score challenges the discretionary aspects of sentence).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2015