J-S61043-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| EMMANUEL PERREL JONES, | : | |
| | : | |
| Appellant | : | No.  636 MDA 2015 |

Appeal from the Judgment of Sentence Entered February 23, 2015,
in the Court of Common Pleas of Lancaster County,
Criminal Division, at No(s): CP-36-CR-0005293-2000

BEFORE:    PANELLA, WECHT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:            **FILED OCTOBER 27, 2015**

Emmanuel Perrel Jones (Appellant) appeals from a judgment of sentence which followed the revocation of his probation.  We affirm.

The trial court aptly summarized the background underlying this matter as follows.

> On October 27, 2000, Lancaster City Police executed a search warrant at 721 North Shippen Street, Lancaster, Pennsylvania.  During the search, [Appellant] was found in possession of approximately three grams of crack cocaine, along with associated paraphernalia.  [Appellant] was arrested and charged with two offenses, as follows: (1) PWID-Cocaine [] and (2) Possession of Drug Paraphernalia []. [Appellant] pled guilty to both counts and was sentenced on December 6, 2001.  On Count 1, [h]e was sentenced to a minimum of 1 year of incarceration to a maximum of 2 years of incarceration, followed by two years of probation consecutive to the incarceration on Count 1 and a fine of $5000.  On Count 2, [Appellant] was sentenced to 1 year of probation consecutive to the incarceration period on Count 1.  [He] was given credit for 353 days.  Costs and Restitution totaled $831.13.  The sentences were concurrent to any other sentences.

*Retired Senior Judge assigned to the Superior Court.

Since [Appellant's] release from the SCI on December 17, 2002, he committed eight probation violations for new criminal charges, drug use, missed appointments, and discharge from the Wedge Treatment Center.

[Appellant stipulated to his eighth probation violation.[1] On February 23, 2015, the trial court sentenced him] to one-and-a-half to three years of incarceration with credit from September 25, 2014 until the sentencing date, noted that [Appellant] was RRRI eligible with a RRRI minimum sentence of thirteen and one-half months, and made him immediately eligible for any drug, alcohol, educational, and vocational programs while incarcerated.

On March 6, 2015, [Appellant] filed a counseled *nunc pro tunc* post-sentence motion to modify sentence. [The trial court granted Appellant's request to file his post-sentence motions *nunc pro tunc*.] [Appellant's] motion to modify sentence alleged six grounds for reconsideration of [his] sentence: (1) that [the court] failed to consider the Sentencing Guidelines, 42 Pa.C.S.A. § 9721(b) in fashioning [his] sentence; (2) that [the court] failed to consider the protection of the public because [Appellant's] violation does not threaten the public in any way; (3) that [the court] failed to consider the gravity of the offense as it relates to the impact on the life of the victim and on the community because [Appellant's] alleged disease is both allegedly *de minimis* and non-threatening to himself and the community; (4) that [the court] failed to consider the rehabilitative needs of [Appellant] because the sentence imposed treats addiction as a crime rather than as a medical condition; (5) that [the court] abused [its] discretion by imposing a sentence that was unreasonable and excessive under the circumstances; and (6) that [the court] failed to adequately consider the age of the docket, and especially the amount of time which had passed since [Appellant] committed a new crime, when fashioning [Appellant's] sentence. [The trial court] denied [Appellant's] motion to modify sentence [in a] March 17, 2015 Order. [Appellant] then filed a notice of appeal with the Superior Court of Pennsylvania on March 18, 2015. [Appellant] filed a timely concise statement of matters complained of on appeal[.]

---

[1] According to Appellant, his latest violation stems from his testing positive for marijuana. Appellant's Brief at 6.

Trial Court Opinion, 6/4/2015, at 1-3 (footnotes, citations, and unnecessary capitalization omitted).

In his brief to this Court, Appellant asks us to consider one question, namely, "Was a sentence of one and one half to three years [of] incarceration for a probation and parole violation so manifestly excessive as to constitute too severe a punishment and contrary to the fundamental norms of the sentencing process?" Appellant's Brief at 4. Appellant challenges the discretionary aspects of his sentence.[2]

> It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal.
>
> > Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Disalvo*, 70 A.3d 900, 902 (Pa. Super. 2013) (citations omitted).

Appellant timely filed a notice of appeal; he preserved his issue in his post-sentence motion; and his brief contains a Pa.R.A.P. 2119(f) statement.

---

[2] "[T]his Court's scope of review in an appeal from a [probation] revocation sentencing includes discretionary sentencing challenges." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1034 (Pa. Super. 2013)

Thus, we must determine whether Appellant has raised a substantial question worthy of appellate review.

> The determination of whether a substantial question exists must be made on a case-by-case basis. It is only where an aggrieved party can articulate clear reasons why the sentence issued by the trial court compromises the sentencing scheme as a whole that we will find a substantial question and review the decision of the trial court. This [C]ourt has been inclined to find that a substantial question exists where the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms underlying the sentencing process.

> Also, a bald allegation that a sentence is excessive does not raise a substantial question.

*Commonwealth v. Lutes*, 793 A.2d 949, 964 (Pa. Super. 2002) (citations omitted).

In his Pa.R.A.P. 2119(f) statement, Appellant contends that his sentence is excessive because the trial court "failed to consider [his] need for drug and alcohol rehabilitation as well as the fact that the public did not need to be protected from [him] as he had not committed a crime in seven years." Appellant's Brief at 10. Appellant has raised a substantial question for our review. *Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012) (concluding that Riggs raised a substantial question by arguing "that the trial court failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and [Rigg's] rehabilitative needs[], as 42 Pa.C.S.A § 9721(b) requires…").

> The proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. The trial court is afforded broad discretion in sentencing criminal defendants because of the perception that the trial court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

**Commonwealth v. Hoch**, 936 A.2d 515, 519 (Pa. Super. 2007) (citations and quotation marks omitted).

After a review of the parties' briefs and the certified record, we conclude that the trial court's 1925(a) opinion adequately addresses and properly rejects Appellant's challenge to the discretionary aspects of his sentence. We therefore adopt that portion of the court's opinion in response to Appellant's argument on appeal. Trial Court Opinion, 6/4/2015, at 7-10. The parties shall attach a copy of the trial court's April 30, 3015 opinion to this memorandum in the event of further proceedings.

For these reasons, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/27/2015

- 5 -

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CRIMINAL

COMMONWEALTH OF PENNSYLVANIA    :

v.    :    No.  5293-2000

EMMANUEL JONES    :

## OPINION

BY: WRIGHT, J.                      June 3 , 2015

This Opinion is written pursuant to Rule 1925(a) of the Pennsylvania Rules of

Appellate Procedure. Defendant, Emmanuel Jones, claims that I erred in the sentence I

imposed on Defendant on February 23, 2015 for his eighth probation violation. (See

N.T. Sentencing, 2/23/15, at 6:24-7:4.) A review of the record and applicable law

demonstrates that Defendant's claim lacks merit and, therefore, his appeal should be

dismissed.

## BACKGROUND

On October 27, 2000, Lancaster City Police executed a search warrant at 721

North Shippen Street, Lancaster, Pennsylvania. (Aff. Prob. Cause ¶ 3.) During the

search, Defendant was found in possession of approximately three grams of crack

cocaine, along with associated paraphernalia. (Id.) Defendant was arrested and

charged with two offenses, as follows: (1) PWID-Cocaine (F)[1] and (2) Possession of

Drug Paraphernalia (M)[2]. Defendant pled guilty to both counts and was sentenced on

---

[1] At the time the statute cited was § 13(a)(30) of Act 64. (Compl.) Now the statute would be 35 Pa. C.S.A. § 780-113(a)(30).
[2] At the time the statute cited was § 13(a)(32) of Act 64. (Compl.) Now the statute would be 35 Pa. C.S.A. § 780-113(a)(32).

APPENDIX B

December 6, 2001. (Guilty Plea Slip, 12/6/01; Sentencing Orders, 12/6/01.) On Count 1, He was sentenced to a minimum of 1 year of incarceration to a maximum of 2 years of incarceration, followed by two years of probation consecutive to the incarceration on Count 1 and a fine of $5000. (Sentencing Orders, 12/6/01.) On Count 2, Defendant was sentenced to 1 year of probation consecutive to the incarceration period on Count 1. (Id.) Defendant was given credit for 353 days. Costs and Restitution totaled $831.13. (Court Commitment Sentencing Worksheet, 12/19/2001; Guilty Plea Slip.) The sentences were concurrent to any other sentences. (Id.)

Since Defendant's release from the SCI on December 17, 2002, he committed eight probation violations for new criminal charges, drug use, missed appointments, and discharge from the Wedge Treatment Center.[3] (PSI 3-10, 14; Petition to Issue Capias and Bench Warrant, 04/18/2012).

On February 23, 2015, I sentenced Defendant on his eighth probation violation to one-and-a-half to three years of incarceration with credit from September 25, 2014 until the sentencing date, noted that Defendant was RRRI eligible with a RRRI minimum sentence of thirteen and one-half months, and made him immediately eligible for any drug, alcohol, educational, and vocational programs while incarcerated. (N.T. Sentencing, 2/23/15, at 6:24-7:4.)

---

[3] See N.T. Sentencing, 2/23/2015, at 5:21-22 (describing criminal history); Notice of Charges and Hearings Special Probation/Parole, 4/7/2003 (providing release date); Pre-Sentence Investigation Report ("PSI") 3-10 (providing criminal history); Petition to Issue Capias and Bench Warrant, 04/18/2012) (describing discharge from Wedge Treatment Center.)

2

On March 6, 2015, Defendant filed a counseled *Nunc Pro Tunc* Post-Sentence Motion to Modify Sentence.[4] I granted Defendant's request to consider his Motion in my March 16, 2015 Order. Defendant's Motion to Modify Sentence alleged six grounds for reconsideration of Defendant's sentence: (1) that I failed to consider the Sentencing Guidelines, 42 Pa. C.S.A. § 9721(b) in fashioning my sentence; (2) that I failed to consider the protection of the public because Defendant's violation does not threaten the public in any way; (3) that I failed to consider the gravity of the offense as it relates to the impact on the life of the victim and on the community because Defendant's alleged disease is both allegedly de minimis and non-threatening to himself and the community; (4) that I failed to consider the rehabilitative needs of the defendant because the sentence imposed treats addiction as a crime rather than as a medical condition; (5) that I abused my discretion by imposing a sentence that was unreasonable and excessive under the circumstances; and (6) that I failed to adequately consider the age of the docket, and especially the amount of time which had passed since Defendant committed a new crime, when fashioning Defendant's sentence. I denied Defendant's Motion to Modify Sentence in my March 17, 2015 Order. Defendant then filed a Notice of Appeal with the Superior Court of Pennsylvania on March 18, 2015. Defendant filed a timely Concise Statement of Matters Complained of on Appeal ("Concise Statement") and the Commonwealth filed a timely Response.

---

[4] Defendant filed the Motion *nunc pro tunc* on March 6, 2015 rather than by the ten-day deadline of March 5, 2015 because the Lancaster County Courthouse was closed on March 5, 2015 due to inclement weather.

3

## DISCUSSION

In his Concise Statement Defendant claims that I erred by sentencing him to eighteen to thirty-six months of incarceration for his eighth probation violation on this docket, contending that my sentence was "so manifestly excessive as to constitute too severe a punishment and clearly unreasonable under the circumstances of this case." (Concise Statement ¶ 1.) Specifically, he argues that the sentence I imposed (1) was not consistent with the protection of the public, maintaining that the "public did not need protection from Defendant"; (2) was not consistent with the gravity of the offenses; (3) was not consistent with Defendant's rehabilitative needs, arguing that Defendant "would have benefitted from rehabilitation" for his addiction; and (4) was not individualized for Defendant because it did not consider "that Defendant had not committed a new crime in at least seven years." (Id. ¶ 1.)

Defendant's argument amounts to a challenge to the discretionary aspects of sentencing for which there is no automatic right of appeal. See 42 Pa.C.S.A. § 9781; Commonwealth v. Colon, 102 A.3d 1033, 1042 (Pa. Super. Ct. 2014) (citing Commonwealth v. Hanson, 856 A.2d 1254, 1257 (Pa. Super. Ct. 2004). Before a court may even consider the merits of a discretionary-sentencing claim, a defendant first must demonstrate that: (1) the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (2) a timely notice of appeal was filed; (3) Defendant fully complied with Pennsylvania Rule of Appellate Procedure 2119(f); and (4) there was a "substantial question" that the sentence imposed was not appropriate under the

4

Sentencing Code.[5] 42 Pa.C.S.A. § 9781(b); Colon, 102 A.3d at 1042-43. These prerequisites will be addressed in turn.

Here, Defendant has met the first three prerequisites. He preserved his claim by filing a timely post-sentence motion to modify the new sentence followed by a timely notice of appeal. For the purpose of this appeal, I will assume that he will likewise satisfy the requirements of Rule 2119(f) when he files his appellate brief.

As to the fourth prerequisite, whether an issue constitutes a "substantial question" is "evaluated on a case-by-case basis." Commonwealth v. Cunningham, 805 A.2d 566, 574 (Pa. Super. Ct. 2002) (citation omitted). A substantial question must "advance a colorable argument" that the sentence imposed was either "[] inconsistent with a specific provision of the Sentencing Code; or [] contrary to the fundamental norms which underlie the sentencing process." Id. (citation omitted). To determine whether a challenge to a sentence imposed after a revocation of probation raises a substantial question, I "focus on the pertinent statutory provisions in the Sentencing Code." Commonwealth v. Williams, 69 A.3d 735, 741 (Pa. Super. Ct. 2013). The relevant statutory provisions are 42 Pa.C.S.A. § 9771(b), 42 Pa.C.S.A. § 9771(c), and 42 Pa.C.S.A. § 9721(b). Id.

Here, Defendant's general claim that the sentence is "manifestly excessive" and first three specific claims each raise a substantial question because they argue that the sentence I imposed was contrary to the fundamental norms of the sentencing process or are taken from 42 Pa.C.S.A. § 9721(b). (See Commonwealth v. Colon, 102 A.3d 1033, 1043 (Pa. Super. Ct. 2014) (noting that a claim that a sentence of total

---

[5] 42 Pa.C.S.A. § 9701 et seq.

5

confinement for a technical probation violation is excessive raises a substantial question); Commonwealth v. Cartrette, 83 A.3d 1030, 1042 (Pa. Super. Ct. 2013) (finding that a challenge to a sentence based on alleged inconsistencies with 42 Pa.C.S.A. § 9721(b) raises a substantial question).) Defendant's fourth specific claim does not raise a substantial question and, accordingly, will not be addressed.[6]

The Superior Court of Pennsylvania has succinctly set forth the standard for reviewing a claim of excessiveness:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

Colon, 102 A.3d at 1043 (quoting Commonwealth v. Simmons, 56 A.3d 1280, 1283-84 (Pa. Super. Ct. 2012). When imposing a sentence of incarceration after revocation of probation, "the [sentencing] court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." Colon 102 A.3d 1033 at 1044 (Pa. Super. Ct. 2014) (citation omitted).

---

[6] Defendant's specific claim of error (4) does not raise a substantial question because it is not taken from a relevant statutory provision and does not address the fundamental norms of the sentencing process. It is settled law that the alleged failure of a sentencing judge to consider mitigating factors like a break in accruing new criminal charges or personal struggles with drug addiction do not raise a substantial question, at least in the context of guideline sentences as opposed to sentences imposed after probation revocations. See, e.g., Commonwealth v. McNabb, 819 A.2d 54, 57 (Pa. Super. Ct. 2003); Coolbaugh, 770 A.2d at 792-93. Thus, I consider specific claim (4) only the extent that it addresses Defendant's rehabilitative needs. I note that I imposed Defendant's sentence after considering an extremely comprehensive and detailed Pre-sentence Investigative ("PSI") Report. (N.T. Sentencing 2/23/2015, at 5:25-6:1.) See Commonwealth v. Griffin, 65 A.3d 932, 937-38 (Pa. Super. Ct. 2013) (noting that use of PSI Report gives rise to assumption that sentencing Court considered defendant's character along with any mitigating factors when fashioning sentence). Furthermore, I specifically mentioned, on the record, consideration of the statements of counsel, by which his attorney informed me, among other things, that Defendant had not "committed a new crime" for some time. (N.T. Sentencing, 2/23/2015, at 4:7-8.)

6

As evidenced by the foregoing, Defendant's sentence was entirely justified by the circumstances of his offense and his character. Probation has proven to be an ineffective tool to accomplish rehabilitation as well an inadequate deterrent to future offenses. This was not the first time Defendant was convicted of a drug-related offense. Defendant's PSI indicates that he, in addition to eight probation violations on this docket as described previously, also has six other dockets in three jurisdictions, several of which involve narcotics offenses.[7] (PSI 3-10.) The PSI reflects Defendant's report that he began selling drugs at age 13, was placed on juvenile probation, and successfully completed juvenile programs in Pennsylvania and Texas.[8] (PSI 12.) Additionally, Defendant's PSI indicates that Defendant started smoking marijuana at age 13, smoked marijuana every day until he started adult probation, and smoked approximately 20 times while on probation. (PSI 14.) Contrary to Defense Counsel's assertion that Defendant had not committed a new crime in twelve (12) years, the PSI reveals that Defendant was convicted of several crimes in Bucks County, Pennsylvania in 2008.[9] (N.T. Sentencing, 2/23/2015, at 4:6-8); but see (PSI 7.)

Defendant's history demonstrates that rehabilitative treatment alone is not effective. While Defendant reportedly completed the Wedge Treatment Program in Philadelphia in 2007 or 2008, he violated his probation by being discharged from that same center on November 17, 2011, due to disengagement. (PSI 14; Petition to Issue

---

[7] Any contact with law enforcement may be considered when fashioning a sentence. Commonwealth v. Lupatsky, 492 A.2d 845, 847 (Pa. Super. Ct. 1985) ("[p]rior connections, of whatever nature, with law enforcement authorities are unquestionably among the circumstances to be scrutinized' in determining the appropriate sentence.")

[8] This information was an appropriate sentencing consideration. See Commonwealth v. Petras, 534 A.2d 483, 488 (Pa. Super. Ct. 1987) (holding that juvenile contact with law enforcement detailed in PSI is appropriate sentencing consideration.)

[9] Defendant later amended this assertion from twelve years to seven years. (Concise Statement ¶ 1.) Either way, Defendant is mistaken about his criminal history.

Capias and Bench Warrant, 04/18/2012.) Defendant further demonstrated that he is not amenable to treatment by violating probation on four separate occasions after reportedly completing treatment at the Wedge Center. (PSI 7-10, 14; Probation Violation Stipulation 10/31/2014.) Finally, while the PSI indicates that Defendant completed a treatment program for drugs and alcohol in 2011, Defendant violated probation three times after that, with his eighth and most recent violation due to a positive test for marijuana in 2014. (PSI 9-10, 14; Petition to Issue Capias and Bench Warrant, 04/23/2014.) Thus, Defendant's behavior shows that treatment programs alone do not adequately address his rehabilitative needs.

The PSI also reveals that, despite a diagnosis of Attention Deficit Disorder and Attention Deficit Hyperactivity Disorder ("ADD/ADHD"), Defendant is otherwise in good physical and mental health. (PSI 14.) At his probation violation hearing, Defendant claimed that he wanted to support his wife and newborn baby. (N.T. Probation Violation Hr'g., 10/31/2014, at 3:4-6.) Yet, Defendant has no verifiable work history and despite being only 34 years old, having completed the eleventh grade, and generally enjoying good physical and mental health, Defendant's sole source of income is $700 per month due to his ADD/ADHD diagnosis. (See N.T. Sentencing, 2/23/2014, at 5:15-17; PSI 1, 14-15.) Furthermore, while Defendant claimed he worked eight to twelve hours per day to supplement his disability income, he has "never paid any child support for this first three children and has paid nothing on his fines and costs for over twelve years." (N.T. Sentencing, 2/23/2015, at 5:15-19.)

Moreover, when given the opportunity to make a statement at his probation violation hearing, Defendant never took responsibility for his repeated probation

8

violations, stating instead that probation has "been a burden on [his] life" and that he "can't see[m] to get off of" probation. (N.T. Probation Violation Hr'g., 10/31/2014, at 2:24-3:4.) Defendant's probation officer noted that Defendant lived in Philadelphia at the time of the hearing, and that the Lancaster County Probation Office had attempted three times to transfer Defendant's supervision to Philadelphia County. (Id. at 3:14-16.) He added that he was "at a loss as to what to do with [Defendant]" because Philadelphia returned supervision each time and would "no longer even accept a transfer request" due to Defendant's repeatedly failing to report for appointments. (Id. at 3:15-20.) The Probation Officer stated that the sentence requested by his office was "the only available remedy to address [Defendant] and his issues with reporting and drug use." (Id. at 3:21-24.)

Given another opportunity to explain himself at the sentencing, Defendant again offered only excuses when he stated that he had made "some mistakes in [his] life[,]" but added that he felt did not deserve a state sentence, and concluded by requesting "another chance" while admitting that this was his seventh or eighth probation violation on this docket alone. (N.T. Sentencing, 2/23/2015, at 3:11-19.)

I tailored my sentence in accordance with the dictates of 42 Pa.C.S.A. § 9721(b) and considered Defendant's offenses, history, and conduct while being supervised, statements of Defendant and his Counsel, my own observations, the PSI, and the November 5, 2014 letter written on Defendant's behalf by Tylicia Matthews. (See id. at 5:1-5.). Defendant has convictions on six new dockets and eight probation violations on this docket in the time he has been on supervision. Defendant has demonstrated a failure to take responsibility for his actions, to pay child support or fines and costs, and

9

to comply with the terms and conditions of probation and parole. A sentence of less than total incarceration would diminish the seriousness of the underlying offense, especially in light of Defendant's criminal history. Finally, despite Defendant's contention to the contrary, I expressly considered Defendant's rehabilitative needs when I said "without question whatsoever, the defendant is in need of treatment" noting that Defendant's best opportunity for effective rehabilitation would be achieved through his "commitment to an institution outside of this community." (N.T. Sentencing, 2/25/2015, at 6:18-21.)

My sentence also complies with 42 Pa.C.S.A. § 9771(B)-(C). Given Defendant's history of probation violations and other criminal behavior, his disregard for the safety of the community, and the Court's need to protect the public, it is highly likely that Defendant would commit another crime if simply given probation. Thus, a sentence of total incarceration was warranted both in light of Defendant's propensity to reoffend and to vindicate the authority of the Court. Under these circumstances, Defendant's sentence at issue was entirely justified and is not manifestly excessive.

## CONCLUSION

Defendant's claim of error lacks merit. Therefore, this Court respectfully requests the dismissal of his appeal.

Accordingly, I enter the following:

10

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
C R I M I N A L

COMMONWEALTH OF PENNSYLVANIA     :

    v.     :     No.   5293-2000

EMMANUEL JONES     :

## O R D E R

AND NOW, this 3 day of, June, 2015, the Court hereby submits this Opinion

pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure.

I certify this document to be filed
In the Lancaster County Office of
the Clerk of the Courts.

Joshua G. Parsons
Clerk of the Courts

BY THE COURT:

/s/JEFFERY D. WRIGHT
JUDGE

JEFFERY D. WRIGHT
JUDGE

Copies to:
    J. Alexander Marcinko, Assistant District Attorney
    Diana C. Kelleher, Esq., Assistant Public Defender