**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Ronald William HANYON, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 20, 2001.

Filed May 2, 2001.

---

Patrick M. Rogan, Public Defender, Scranton, for appellant.

Marion O'Malley, Assistant District Attorney, Montrose, for Com., appellee.

Before JOHNSON, JOYCE and HESTER, JJ.

JOYCE, J.:

¶ 1 Appellant, Ronald William Hanyon, appeals from the order denying his first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541–9546. For the reasons set forth below, we affirm. The relevant facts and procedural history of this case are as follows.

¶ 2 Following a jury trial, on April 20, 1998, Appellant was convicted of rape,[1] endangering welfare of children,[2] corruption of minors,[3] and indecent assault.[4] On June 29, 1998, the court sentenced Appellant to an aggregate of seven (7) to fifteen (15) years' imprisonment. Appellant obtained new counsel who then filed a direct appeal. However, on February 10, 1999, counsel praecipied to withdraw the appeal, instead choosing to proceed with a PCRA petition.[5] On February 16, 1999, Appellant's praecipe to withdraw the appeal was granted. Appellant filed this timely first PCRA petition, on February 11, 2000. *See Commonwealth v. Conway*, 706 A.2d 1243 (Pa.Super.1997) (holding judgment of sentence became final for purposes of statute requiring PCRA petition be filed within one year when direct appeal was discontinued at his request). The trial court dismissed the petition without a hearing, finding that the failure to raise the issues on direct appeal resulted in waiver. Appellant timely appealed.[6]

 ¶ 3 Appellant raises twenty-six (26) issues for review concerning alleged errors by trial counsel. This Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error. *Commonwealth v. Morales*, 549 Pa. 400, 408,

---

1. 18 Pa.C.S.A. § 3121.

2. 18 Pa.C.S.A. § 4304.

3. 18 Pa.C.S.A. § 6301.

4. 18 Pa.C.S.A. § 3126.

5. According to the praecipe to withdraw the appeal, counsel averred that "[a]ppellant desires to withdraw the instant appeal because, after considering the record and discussing same with his attorney, it is appellant's opinion that the filing of a petition under the Post Conviction Relief Act is the appropriate course of action." Praecipe to withdraw appeal at paragraph 5.

6. Patrick Rogan, Esquire represented Appellant both on his direct appeal and PCRA petition.

701 A.2d 516, 520 (1997). We will not disturb findings that are supported by the record. *Commonwealth v. Yager*, 454 Pa.Super. 428, 685 A.2d 1000, 1003 (1996) (*en banc*), *appeal denied*, 549 Pa. 716, 701 A.2d 577 (1997). We will evaluate the lower court's decision in accordance with these principles.

¶ 4 "Ordinarily, absent extraordinary circumstances, the failure to file a direct appeal from the judgment of sentence amounts to waiver of any claim which could have been raised in such an appeal, thereby precluding collateral relief.... To successfully avoid a finding of waiver, the appellant 'must prove that he requested an appeal and that counsel disregarded the request.' " *Commonwealth v. Harmon*, 738 A.2d 1023 (Pa.Super.1999), *appeal denied*, 562 Pa. 666, 753 A.2d 815 (2000), *citing Commonwealth v. Lehr*, 400 Pa.Super. 514, 583 A.2d 1234, 1235 (1990).

¶ 5 In *Commonwealth v. Lantzy*, 558 Pa. 214, 736 A.2d 564 (1999), our Supreme Court dealt with a similar issue to the one at bar. In *Lantzy*, appellant pled guilty to theft, receiving stolen property, and unauthorized use of an automobile. Subsequent to his sentencing, appellant filed post trial motions and a notice of appeal. Counsel ultimately negotiated a reduced sentence in exchange for the withdrawal of the direct appeal. After the trial court modified the sentence, counsel withdrew the appeal. Notwithstanding the plea agreement, appellant filed a *pro se* direct appeal. Our Court quashed the appeal and reinstated the original sentence. *See Commonwealth v. Lantzy ("Lantzy I")*, 439 Pa.Super. 669, 653 A.2d 1301 (1994) (table).

¶ 6 Appellant filed a petition under the PCRA and counsel was appointed. Therein it was alleged that plea counsel was ineffective for advising appellant to withdraw his original appeal and post-sentenc-

ing motions in exchange for a modified sentence that was ultimately vacated. Following a hearing, the trial court denied relief. Appellant appealed and our Court, sitting *en banc*, affirmed in a divided opinion. *Commonwealth v. Lantzy, ("Lantzy II")*, 712 A.2d 288 (Pa.Super.1998). The Supreme Court reversed and held:

> Where there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases, denies the accused the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, as well as the right to direct appeal under Article V, Section 9, and constitutes prejudice for the purpose of Section 9543(a)(2)(ii). Therefore, in such circumstances, and where the remaining requirements of the PCRA are satisfied, the petitioner is not required to establish his innocence or demonstrate the merits of the issue or issues which would have been raised on appeal.

*Lantzy*, 558 Pa. at 226–27, 736 A.2d at 572.

¶ 7 As in *Lantzy*, in the case *sub judice*, counsel filed a direct appeal but subsequently withdrew it, opting to file a petition pursuant to the PCRA. Clearly, a claim raised in a PCRA petition is waived if it could have been raised on direct appeal but the petitioner failed to do so. 42 Pa.C.S.A. § 9544(b). Because withdrawing the direct appeal resulted in the waiver of Appellant's PCRA claims, there could be no reasonable basis for counsel's decision to forego a direct appeal in lieu of the PCRA. Unfortunately for Appellant, unlike *Lantzy*, we are not presented with a PCRA petition that alleges counsel was ineffective for advising Appellant to withdraw his direct appeal and seek redress through the PCRA. In fact, Appellant's

counsel states in his brief that the PCRA claims should not have been waived because "[c]ounsel on direct appeal should not be found to have waived any claim that is not in the trial record." In support of this proposition, Appellant cites *Commonwealth v. Thomas*, 396 Pa.Super. 92, 578 A.2d 422 (1990); *Commonwealth v. Petras*, 368 Pa.Super. 372, 534 A.2d 483 (1987). Not only is this statement unsupported by way of further argument or explanation,[7] but the cases cited do not support this proposition. Regrettably for Appellant, not only was a direct appeal the proper procedural method of seeking redress, but the failure to follow through with it resulted in a waiver. Even prior holdings that allow the reinstatement of direct appeal rights *nunc pro tunc* when a PCRA petitioner proves and pleads the type of ineffectiveness presently before us are not available to Appellant since the issue was not raised in his PCRA petition. Thus, we are constrained to find that Appellant's counseled decision not to effectuate a direct appeal has waived all twenty-six issues contained his PCRA petition. Furthermore, because an issue has not heretofore been raised regarding counsel's unquestionable ineffectiveness in advising the withdrawal of the direct appeal, we cannot *sua sponte* address the issue or provide Appellant relief.

▮ ¶ 8 We are troubled by the conundrum Appellant now faces. We have held that he has waived all of the issues raised in his current PCRA petition. In a second PCRA, Appellant could raise current PCRA counsel's ineffectiveness for withdrawing the direct appeal and Appellant

could possibly have his direct appeal rights reinstated. *Lantzy, supra.* However, any such petition may now be untimely.[8] Because "the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner." *Commonwealth v. Murray*, 562 Pa. 1, 5, 753 A.2d 201, 203 (2000). We, as an intermediate court, are bound by the law as set forth above and can only hope that our Supreme Court or legislature resolves the hopelessly circular problem.

¶ 9 For the foregoing reason, the order of the trial court dismissing Appellant's PCRA petition is affirmed.

¶ 10 Order affirmed.

¶ 11 JOHNSON, J., files Concurring and Dissenting Opinion.

JOHNSON, J., Concurring and Dissenting:

¶ 1 I respectfully dissent. While I agree that this Court is constrained to affirm the PCRA court's order in the instant case, I disagree with the analysis employed by the Majority in reaching this result. My esteemed colleagues find it appropriate to address the substantive merits of the waiver issue under the PCRA. However, I conclude that the Appellant's failure to articulate a cogent argument in support of his appeal warrants an affirmance of the PCRA court's order on that basis alone.

---

**7.** The entire argument portion of Appellant's brief is only comprised of six sentences.

**8.** By stating that a subsequent PCRA may be untimely, we are not holding that a second PCRA is in fact untimely. Our statement does not abrogate prior decisions and statutory

requirements involving the filing and merits of a second PCRA. We only point out this possibility in an effort to demonstrate the potential negative consequences that have been created by the procedural morass in this case.

¶ 2 In his Statement of Questions Involved, the Appellant presents one issue for our review:

Whether the trial court erred in dismissing Defendant's PCRA motion on issues contained therein which were not in the trial record?

Brief for Appellant at 5. The Argument section of Appellant's Brief, less than one full page in length cites two cases in support of this assertion, *Commonwealth v. Thomas*, 396 Pa.Super. 92, 578 A.2d 422 (1990) and *Commonwealth v. Petras*, 368 Pa.Super. 372, 534 A.2d 483 (1987). Neither of these cases supports the Appellant's claim, nor do they shed any light on his obscure and cursory argument. Appellant's failure in this regard warrants dismissal of the appeal. *See Commonwealth v. Zewe*, 444 Pa.Super. 17, 663 A.2d 195, 201 (1995) (concluding that an Appellant's failure to comply with Pa.R.A.P. 2119(a) by following each question raised with pertinent discussion and citation to supportive authority waives the Appellant's right to appellate review of the issue). Accordingly, I find it unnecessary, and beyond our scope of review, to address the substantive merits of whether Appellant's claims are waived under the PCRA.