J-S70027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LESLEY COLON | : | |
| | : | |
| Appellant | : | No. 771 MDA 2017 |

Appeal from the Order April 4, 2017
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s):  2017-05293

BEFORE:  GANTMAN, P.J., SHOGAN, J., and OTT, J.

MEMORANDUM BY SHOGAN, J.:                **FILED NOVEMBER 22, 2017**

Appellant, Lesley Colon, appeals *pro se* from an order entered on April 4, 2017, in the Lebanon County Court of Common Pleas.  The April 4, 2017 order denied Appellant's request to prevent the Lebanon County Department of Corrections from making monetary deductions from his inmate account pursuant to 42 Pa.C.S. § 9728 ("Act 84").  After careful review, we are constrained to vacate the order.

The trial court provided the following factual and procedural history of this case:

> On June 29, 2016, [Appellant] was sentenced to time served to two years' incarceration in a state correctional institution for the offense of Receiving Stolen Property in Criminal Action No. CP-38-CR-1832-2015.  As part of that sentence, [Appellant] was also ordered to pay the costs of prosecution, a $200.00 fine, and restitution to the victim in the amount of $300.00.  Restitution was to be paid before fines and costs.  [Appellant] did not file a direct appeal of his sentence.

[Appellant] paid nothing toward his fines, costs and restitution. Therefore, on February 15, 2017, a Praecipe to Enter Judgment against [Appellant] in the amount of $1,387.50 in favor of the Lebanon County Probation Department was filed. Judgment in that amount was entered by the Lebanon County Prothonotary at this action number on February 1[5], 201[7]. This judgment represented the amount owed by [Appellant] for the costs, fines, and restitution associated with his criminal action. [Appellant] was sent Notice of the entry of that judgment on February 15, 2017.

On March 29, 2017, [Appellant] filed a "Motion to Cease Further Proceedings of Judgment as [Appellant] is Incarcerated and Indigent (poor)" in this action. In his Motion, [Appellant] explains that he has been incarcerated in a state correctional facility since August 24, 2015 on a [parole] violation [on a prior case] due to the charges brought in [the instant case] and that his earliest possible release date is September 14, 2017, subject to his approval for parole. He avers that he will then begin to serve his sentence on No. 1832-2015. In his Motion, [Appellant] requested that we defer collection of the $1,387.50 judgment until he is released from custody. We denied [Appellant's] Motion by Order dated April 4, 2017[,] as we have no authority to grant the relief requested.

Trial Court Opinion, 6/9/17, at 2-3 (footnote omitted).

Appellant filed a timely notice of appeal and raised a litany of issues. In both Appellant's Pa.R.A.P. 1925(b) statement of errors complained of on appeal and statement of questions presented in his brief, Appellant provides a rambling list of alleged errors. Appellant's Brief at 8-9. In some instances, Appellant purports to challenge his judgment of sentence, but because Appellant did not pursue a direct appeal, these issues are not properly before this Court. *See Commonwealth v. Hanyon*, 772 A.2d 1033, 1035 (Pa. Super. 2001) (stating that the failure to file a direct appeal from the judgment of sentence amounts to waiver of any claim which could

- 2 -

have been raised in such an appeal). Rather, the order from which Appellant filed the instant appeal concerns only the Department of Corrections making deductions to Appellant's inmate account under the authority of Act 84.

Act 84 authorizes county probation departments or other designated government agencies to deduct funds from an inmate's account to pay for outstanding fines, costs, and restitution. *Commonwealth v. Jackson*, 858 A.2d 627, 628 n.1 (Pa. Super. 2004) (*en banc*); 42 Pa.C.S. § 9728. In order for Appellant to challenge these deductions, he must present his claim as a petition for review of a governmental determination under the Commonwealth Court's original jurisdiction. *Commonwealth v. Danysh*, 833 A.2d 151, 153 (Pa. Super. 2003). "Because Commonwealth Court had exclusive original jurisdiction, the court of common pleas lacked subject matter jurisdiction and its order was void." *Id.* at 154.

Accordingly, in the instant case, because the common pleas court did not have jurisdiction,[1] we are constrained to vacate the April 4, 2017 order without prejudice to Appellant's right to seek relief in the Commonwealth Court.

_____

[1] "Although the court of common pleas lacked subject matter jurisdiction, we have appellate jurisdiction since this is an appeal from a final order." *Commonwealth v. Danysh*, 833 A.2d 151, 152 n.1 (Pa. Super. 2003).

- 3 -

Order vacated.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/22/2017</u>