J-S33023-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JULMAL LEWIS | : | |
| | : | |
| Appellant | : | No. 814 EDA 2020 |

Appeal from the PCRA Order Entered October 26, 2012
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010116-2007

BEFORE: BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY NICHOLS, J.: **FILED APRIL 18, 2022**

Appellant Julmal Lewis appeals *nunc pro tunc* from the order denying his Post Conviction Relief Act[1] (PCRA) petition. Appellant argues that his trial counsel was ineffective for failing to request jury instructions concerning self-defense and involuntary manslaughter. Appellant also presents a layered claim of ineffectiveness and argues that his prior PCRA counsel was ineffective for failing to raise claims of appellate counsel ineffectiveness. We affirm.

We adopt the factual history of this case as set forth in the PCRA court's opinion. *See* PCRA Ct. Op., 4/23/14, at 2-4. Briefly, on April 28, 2007, Appellant shot Rasheen Johnson and Omar Ingram. Ingram survived, but Johnson died. Appellant claimed he fired in self-defense after Ingram shot first.

---

[1] 42 Pa.C.S. §§ 9541-9546.

A jury convicted Appellant of voluntary manslaughter, aggravated assault, recklessly endangering another person, possessing an instrument of crime, and carrying a firearm without a license.[2]  On March 9, 2009, the trial court sentenced Appellant to an aggregate term of nineteen-and-one-half to thirty-nine years' imprisonment.  Appellant filed a timely direct appeal, which he discontinued on January 19, 2010.  Daniel A. Rendine, Esq. (trial counsel) represented Appellant at trial and on direct appeal.

On April 13, 2010, Appellant filed a timely *pro se* PCRA petition.  The PCRA court appointed Lee Mandell, Esq. (first PCRA counsel), who filed an amended petition on Appellant's behalf.  Therein, Appellant claimed that trial counsel was ineffective for (1) failing to request a self-defense jury instruction with regard to the charge of aggravated assault; (2) failing to request a jury instruction for involuntary manslaughter; and (3) failing to file a post-sentence motion to modify Appellant's sentence, which was based on a miscalculation of Appellant's prior record score.

On April 5, 2012, the PCRA court granted Appellant's PCRA petition and scheduled a new sentencing hearing.  On October 26, 2012, the court resentenced Appellant to the same term of incarceration originally imposed. On November 1, 2012, the court entered an order amending its October 26, 2012 docket entry to reflect that the PCRA petition was denied and dismissed as to all claims except for the prior record score calculation, and that any

---

[2] 18 Pa.C.S. §§ 2503(b), 2702(a), 2705, 907(a), and 6106(a)(1), respectively.

direct appeal from the denial of the petition should be filed within the same time period as an appeal from the judgment of sentence.

On October 31, 2012, Appellant filed a motion for reconsideration, which the trial court denied. Appellant filed a timely appeal solely from the order dated October 26, 2012, in which he challenged his new sentence and raised claims of ineffective assistance of trial counsel. This Court affirmed Appellant's judgment of sentence on May 13, 2015. **Commonwealth v. Lewis**, 710 EDA 2013, 2015 WL 7260909, at *1-2 (Pa. Super. filed May 13, 2015) (unpublished mem.).[3]

On August 27, 2015, Appellant filed a second[4] *pro se* PCRA petition seeking leave to appeal *nunc pro tunc* from the PCRA court's October 26, 2012

---

[3] In affirming Appellant's sentence, the panel concluded that because Appellant appealed the judgment of sentence imposed at the October 26, 2012 resentencing, Appellant's ineffective assistance of counsel claims were unreviewable. **See Lewis**, 2015 WL 7260909 at *2. However, in a footnote, this Court noted that the issue of whether a PCRA court's order granting resentencing and denying other collateral claims was a final order was pending before this Court *en banc* but, nevertheless, affirmed Appellant's judgment of sentence.[3] **Id.** at *2-3, *2 n.2. Appellant filed a petition for allowance of appeal with the Pennsylvania Supreme Court but discontinued his petition on July 30, 2015. Subsequently, this Court decided **Commonwealth v. Gaines**, 127 A.3d 15 (Pa. Super. 2015) (*en banc*), which held that a PCRA court's order granting one sentencing claim and denying all claims for a new trial was a final order for purposes of appeal, and the filing period started to run on that date, rather than the new judgment of sentence pursuant to the order. **Gaines**, 127 A.3d at 17-20 (plurality).

[4] A PCRA petition filed after a defendant has been granted PCRA relief is treated as a first PCRA petition for timeliness purposes. **See, e.g.**, **Commonwealth v. Turner**, 73 A.3d 1283, 1286 (Pa. Super. 2013) (explaining that when a PCRA petitioner is granted relief on his first petition, *(Footnote Continued Next Page)*

order denying Appellant's PCRA petition in part. Instantly, Appellant asserted that his first PCRA counsel was ineffective, because PCRA counsel had only appealed Appellant's new judgment of sentence imposed on October 26, 2012, and not the November 1, 2012 order denying his ineffectiveness claims concerning trial counsel that he raised in his first PCRA petition. *Pro Se* PCRA Pet., 8/27/15, at 1-4.

The PCRA court appointed David Rudenstein, Esq. (second PCRA counsel) as new PCRA counsel. On October 27, 2016, Appellant filed a motion seeking leave to proceed *pro se*. The PCRA court conducted a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998) on July 14, 2017, and granted Appellant's request to proceed *pro se*.[5]

On February 6, 2020, the PCRA court issued an order granting Appellant's second PCRA petition and reinstating his right to appeal from the PCRA court's October 26, 2012 order *nunc pro tunc*.[6] Appellant filed a timely

---

a subsequent petition will be considered a first petition for timeliness purposes).

[5] The certified record does not contain a transcript of the July 14, 2017 **Grazier** hearing. However, as Appellant is not challenging the PCRA court's ruling in the **Grazier** hearing, the absence of the transcript does not impede our review.

[6] The Commonwealth filed a letter brief noting that it did not oppose Appellant's request for reinstatement of his right to file an appeal *nunc pro tunc* from the denial of claims raised in his prior PCRA petition. **See** Letter Brief, 9/20/19, at 1. The Commonwealth suggested that Appellant had satisfied the newly-discovered facts exception to the PCRA time bar because he had filed "his PCRA petition within a year of the Superior Court's opinion
*(Footnote Continued Next Page)*

- 4 -

notice of appeal.[7]

Appellant raises three issues for our review:

1. Did the PCRA court err in summarily dismissing the claim that trial counsel was ineffective in violation of the Sixth Amendment to the United States Constitution for failing to request, or object to the omission of, an instruction on self-defense as it related to the charge of aggravated assault?

2. Did the PCRA court err in summarily dismissing the claim that trial counsel was ineffective in violation of the Sixth Amendment to the United States Constitution for failing to request, or object to the omission of, an instruction on involuntary manslaughter?

3. Was [first] PCRA counsel ineffective in violation of state law for failing to raise the claim that [trial counsel] was ineffective under the Sixth Amendment for failing to raise the claim [on direct appeal] that the trial court erred in overruling trial counsel's objection to the trial prosecutor's closing argument in which he "testified" without any supporting evidence in the

_____

stating that defendant's prior PCRA claims could not be reviewed." *Id.* at 2. However, ineffectiveness is not a new fact unless counsel completely abandons Appellant for purposes of collateral review. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1272-74 (Pa. 2007). As discussed, the PCRA court granted relief on Appellant's first PCRA petition and resentenced Appellant with an amended prior record score calculation on October 26, 2012. Subsequently, the PCRA court granted relief on Appellant's second PCRA petition and reinstated his right to appeal from the PCRA court's resentencing order of October 26, 2012 order *nunc pro tunc.*

[7] Initially, Appellant did not comply with the PCRA court's Pa.R.A.P. 1925(b) order. Subsequently, after Daniel Silverman, Esq., entered his appearance on Appellant's behalf, he filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal and several applications to compel the PCRA court to file opinions addressing his various issues on appeal. The PCRA court filed a Rule 1925(a) opinion on February 21, 2021, adopting the reasoning of its 2014 opinion. *See* PCRA Ct. Op, 2/21/21, at 2-4; PCRA Ct. Op, 4/23/14, at 5-7. Following an additional remand, the PCRA court filed a supplemental opinion on May 10, 2021.

record that the only reason he could not prove a motive for the crime was because a particular witness was unavailable?

Appellant's Brief at 3.[8]

This Court has explained that

our standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

### Timeliness of Appellant's PCRA Petition

It is well settled that "the timeliness of a PCRA petition is a jurisdictional requisite." ***Commonwealth v. Brown***, 111 A.3d 171, 175 (Pa. Super. 2015) (citation omitted). Absent one of the statutory exceptions set forth at Section 9545(b)(1)(i)-(iii), "[a] PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." ***Id.*** (citing 42 Pa.C.S. § 9545(b)(1)). A judgment is final "'at

_____

[8] In his Rule 1925(b) statement, Appellant also alleged that first PCRA counsel was ineffective because he did not raise trial counsel's failure to object when the trial court held the charging conference after closing arguments instead of before the argument as required by Pa.R.Crim.P. 647(B) in the amended PCRA petition. ***See*** Appellant's Am. 1925(b) Statement, 2/1/21, at 1-2 (unpaginated). However, Appellant does not include this claim in his appellate brief. Therefore, it is waived. ***See Commonwealth v. Felder***, 247 A.3d 14, 20 (Pa. Super. 2021) (stating that "an issue identified on appeal but not developed in the appellant's brief is abandoned and, therefore, waived" (citation omitted and formatting altered)).

the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.'" ***Id.*** (quoting 42 Pa.C.S. § 9545(b)(3)). The period to seek direct review expires thirty days after sentencing or when a petitioner voluntarily discontinues his appeal. ***See Commonwealth v. McKeever***, 947 A.2d 782, 785 (Pa. Super. 2008); Pa.R.Crim.P. 720(A)(3).

This Court has explained that "the purpose of the PCRA is to prevent an unfair conviction." ***McKeever***, 947 A.2d at 785 (citation omitted). Therefore,

> a successful first PCRA petition does not reset the clock for the calculation of the finality of the judgment of sentence for purposes of the PCRA where the relief granted in the first petition neither restored a petitioner's direct appeal rights nor disturbed his conviction, but, rather, affected his sentence only.

***Id.*** (formatting altered). In such cases, the defendant has the right to file a direct appeal but only raising issues pertaining to the resentencing procedure itself. ***Id.*** at 785-86. Here, although the PCRA court granted partial relief on Appellant's first PCRA petition by amending the prior record score calculation and resentencing Appellant on October 26, 2012, the PCRA court did not grant substantive relief, in that it did not address his ineffectiveness claims nor Appellant's request for a new trial. ***See***, ***e.g.***, ***Turner***, 73 A.2d at 1286. Instead, as in ***McKeever***, the PCRA court's order affected only Appellant's sentence. ***See McKeever***, 947 A.2d at 785-86. Therefore, the PCRA court's October 26, 2012 order did not reset the clock for PCRA purposes. ***See id.***

Instantly, the trial court imposed Appellant's sentence on March 9, 2009. Appellant filed a timely direct appeal, which he subsequently discontinued on January 19, 2010. Therefore, Appellant's sentence became final for PCRA purposes on January 19, 2010. *See McKeever*, 947 A.2d at 785 (stating that the appeal deadline expires thirty days after sentencing or when a petitioner voluntarily discontinues his appeal). Accordingly, Appellant had until January 19, 2011 to file a timely PCRA petition. *See Brown*, 111 A.3d at 175. Therefore, Appellant's instant petition, filed on August 27, 2015, is facially untimely.

However, our Supreme Court has held that errors which completely foreclose appellate review amount to a constructive denial of counsel which constitutes ineffectiveness *per se*, which can be pled as a newly-discovered "fact" for purposes of Section 9545(b)(1)(ii). *See Commonwealth v. Peterson*, 192 A.3d 1123 (Pa. 2018). Thus, although Appellant's case falls within the narrow procedural ambit of *McKeever* cases, the foreclosure of appellate review of his first PCRA petition and constructive denial of counsel, we decline to find that the untimeliness of Appellant's petition precludes review of his claims. *See*, *e.g.*, *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007) (holding that PCRA counsel's failure to file an appellate brief which resulted in the dismissal of petitioner's appeal constituted abandonment for purposes of that appeal, an act which was *per se* prejudicial and finding a second PCRA petition seeking to reinstate his appellate rights timely under

Section 9545(b)(1)(ii)). For these reasons, we conclude that Appellant's PCRA petition is timely for the purposes of our appellate review.

We now turn to the merits of Appellant's ineffectiveness claims. The standard we apply when reviewing claims of ineffective assistance of counsel is as follows:

> to establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.
>
> We have explained that a claim has arguable merit where the factual averments, if accurate, could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination.
>
> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.
>
> Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective. Moreover, a failure to satisfy

any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

***Sandusky***, 203 A.3d at 1043-44 (citations omitted and formatting altered).

## Trial Counsel Ineffectiveness

Appellant raises two claims regarding the ineffective assistance of counsel. First, Appellant contends trial counsel was ineffective for failing to object to the lack of a jury instruction on self-defense with respect to the aggravated assault charge. Appellant's Brief at 12-17. Appellant claims that, although the trial court charged the jury on self-defense with regard to the murder charge, it did not instruct the jury that self-defense also applied to aggravated assault. ***Id.*** at 13-14. Appellant argues that had the jury been properly instructed, it would have also found that self-defense applied to aggravated assault. ***Id.*** at 16.

Second, Appellant contends that trial counsel was ineffective for failing to request a jury instruction on involuntary manslaughter. ***Id.*** at 17-21. Appellant argues that, based on the evidence, the jury could have concluded that he acted recklessly or grossly negligently and convicted him of involuntary manslaughter instead of voluntary manslaughter. ***Id.*** Appellant contends that where the evidence supports a charge of involuntary manslaughter, the court is required to give such an instruction, and that counsel did not have a reasonable basis for failing to request that instruction. ***Id.***

- 10 -

"Counsel cannot be found ineffective for failing to raise a baseless or meritless claim." **Commonwealth v. Epps**, 240 A.3d 640, 645 (Pa. Super. 2020) (citation omitted), *appeal denied*, 257 A.3d 700 (Pa. 2021). Therefore, Appellant must show a reasonable probability that counsel's objection to the challenged instruction would have led to a more favorable outcome. **See generally Commonwealth v. Turetsky**, 925 A.2d 876, 880 (Pa. Super. 2007).

With regard to jury instructions generally, this Court has explained:

> A jury charge will be deemed erroneous only if the charge as a whole is inadequate, not clear or has a tendency to mislead or confuse, rather than clarify, a material issue. A charge is considered adequate unless the jury was palpably misled by what the trial judge said or there is an omission which is tantamount to fundamental error. Consequently, the trial court has wide discretion in fashioning jury instructions.

**Commonwealth v. Thomas**, 904 A.2d 964, 970 (Pa. Super. 2006) (citations omitted). "In examining the propriety of the instructions a trial court presents to a jury, our scope of review is to determine whether the trial court committed a clear abuse of discretion or an error of law which controlled the outcome of the case." **See id.** (citation omitted).

> A defendant is entitled to a charge on a lesser-included offense only where the offense has been made an issue in the case **and the evidence would reasonably support such a verdict**. Instructions regarding matters which are not before the court or which are not supported by the evidence serve no purpose other than to confuse the jury.

*Commonwealth v. Phillips*, 946 A.2d 103, 110 (Pa. Super. 2008) (citations and quotation marks omitted) (emphasis in original).

The trial court instructed the jury on self-defense, in relevant part, as follows: "Now we'll talk about a term called justification, use of deadly force in self-defense. The defendant claims that he shot in self-defense. Self-defense if justifiable is a complete defense to the charges of murder and aggravated assault." N.T. Trial, 1/16/09, at 37. The PCRA court addressed Appellant's claim as follows:

> Appellant's first claim is that the [c]ourt properly instructed the jury concerning self defense to murder, but did not do so concerning self defense to the aggravated assault claim. He claims that [trial] counsel was ineffective for not seeking a correction to the charge. We have reviewed our self-defense charge and Appellant is factually incorrect about our instruction. The instruction started, "The defendant claims he shot in self-defense. Self-defense [if] justifiable is a complete defense to the charges of murder and **aggravated assault**." After properly defining the law of self-defense, the [c]ourt concluded, "Because the Commonwealth has the burden of disproving the defendant's claim of self-defense, you cannot find the defendant guilty of **any crime** unless you are satisfied beyond a reasonable doubt that the defendant did not act in justifiable self-defense . . . [.]" N.T. 1/16/09, 37-42. (emphasis supplied).
>
> Accordingly, contrary to Appellant's claim, the [c]ourt properly instructed the jury that Appellant's claim of self-defense applied to both violent crimes charged.

PCRA Ct. Op, 4/23/14, at 5-7 (emphasis in original).

Following our review of the record, we agree with the PCRA court that it instructed the jury that self-defense applied to aggravated assault as well as murder. Accordingly, trial counsel is not ineffective for failing to raise a

meritless claim, therefore, Appellant is not entitled to relief on his first issue.[9] *See Epps*, 240 A.3d at 645.

With regard to Appellant's second issue, he argues that where the evidence supports a verdict of involuntary manslaughter the jury must be charged on that offense if such a charge is requested. Appellant's Brief at 19 (citing *Commonwealth v. McCloskey*, 656 A.2d 1369, 1372 (Pa. Super. 1995) and *Commonwealth v. Wilson*, 639 A.2d 1194 (Pa. Super. 1994), *appeal granted*, *order rev'd*, 652 A.2d 281 (Pa. 1994)). He contends that a request for an involuntary manslaughter instruction based on a theory that the shooting was accidental is not inconsistent with his claim of self-defense. *Id.* at 20 (citing *McCloskey*, 656 A.2d at 1376). He suggests that although trial counsel requested that the trial judge instruct the jury on the lesser offense of voluntary manslaughter instead of murder, there was no reasonable basis for trial counsel's failure to request an involuntary manslaughter jury instruction. *Id.* at 20-21. Appellant claims that he was prejudiced because "at least one juror would have considered involuntary manslaughter as the appropriate verdict if" the trial court had instructed the jury on that charge. *Id.* at 21.

---

[9] Appellant additionally argues that the court should have repeated its instruction regarding self-defense when charging the jury on aggravated assault. Appellant's Brief at 13. However, he has not shown, and does not attempt to explain, how this additional instruction would have led to a reasonable probability of a different outcome. *See*, *e.g.*, *Turetsky*, 925 A.2d at 880.

To prove ineffectiveness, Appellant must show that counsel's failure to request a jury instruction would have led to a reasonable probability of a different outcome. **See generally Turetsky**, 925 A.2d at 880. With regard to involuntary manslaughter specifically, a person is guilty of involuntary manslaughter "when as a direct result of the doing of an unlawful act in a reckless or grossly negligent manner, or the doing of a lawful act in a reckless or grossly negligent manner, he causes the death of another person." 18 Pa.C.S. § 2504(a).

> The PCRA court addressed Appellant's claim as follows:
>
> A court in a murder case can only give jury instruction on involuntary manslaughter when the evidence, viewed in the light most favorable to the defendant, tends to show that the defendant is not guilty of murder but instead of manslaughter. **Commonwealth v. Soltis**, 687 A.2d 1139, 1142 [(Pa. Super. 1996)]. The defendant must raise some evidence that he acted recklessly or with gross negligence in causing the victim's death. **Id.** "[I]n a murder prosecution, an involuntary manslaughter charge shall be given only when requested, and where the offense has been made an issue in the case and the trial evidence reasonably would support such a verdict." [**Commonwealth**] **v. White**, 415 A.2d 399, 402 (Pa. 1980).
>
> As detailed above, the defense in this case was that Appellant intentionally shot, but did so in self[-]defense. No evidence was presented which would have allowed the fact finder to conclude that Appellant shot recklessly or with gross negligence. No basis existed for this charge.

PCRA Ct. Op, 4/23/14, at 6-7.

Appellant argues that his act of firing a gun at Ingram in a densely populated area could have been determined reckless or grossly negligent, and that an involuntary manslaughter jury instruction was merited. The PCRA

- 14 -

court concluded that Appellant's assertions of recklessness and negligence were not supported by the trial evidence and that there was no basis for trial counsel to request an involuntary manslaughter charge. Further, Appellant posits, without any further basis, that "at least one juror would have considered involuntary manslaughter as the appropriate verdict if" the trial court had instructed the jury on that charge. Appellant's Brief at 21. However, multiple witnesses testified that Appellant intentionally aimed a gun at Ingram and shot him. N.T. Trial, 1/13/09, at 167-208; N.T. Trial, 1/14/09, at 9-75; N.T. Trial, 1/15/09, at 245-73.

In sum, we agree with the PCRA court that on this record, Appellant has failed to show that recklessness and negligence were supported by the trial evidence in which multiple witnesses testified that Appellant intentionally aimed a gun at Ingram and shot him. Trial counsel cannot be deemed ineffective for requesting a meritless jury charge not supported by the trial evidence. Therefore, no relief is due. **See Sandusky**, 203 A.3d at 1043-44.

### Prior PCRA Counsel Ineffectiveness

In his third issue, Appellant argues that his prior PCRA counsel was ineffective for failing to raise the claim that direct appeal counsel was ineffective under the Sixth Amendment for failing to raise the claim that the trial court erred in overruling objections to the prosecutor's closing argument. Appellant's Brief at 22. Appellant notes that at the time he filed his reply brief, our Supreme Court was considering **Bradley**, and requested this Court defer any ruling pending that decision. Appellant's Reply Brief at 4-5.

Recently our Supreme Court decided **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), in which the High Court held that a PCRA petition may raise claims of ineffective PCRA counsel at the first opportunity, even if on appeal. **Bradley**, 261 A.3d at 405. As Appellant's appeal was pending at the time the **Bradley** Court made its decision, it is applicable to this appeal.[10] **See Commonwealth v. Chesney**, 196 A.3d 253, 257 (Pa. Super. 2018) (stating that "Pennsylvania appellate courts apply the law in effect at the time of the appellate decision" (citations omitted)).

Instantly, Appellant raised this claim first in his second *pro se* PCRA petition, and again on direct appeal *nunc pro tunc*. As Appellant raised this claim at the earliest possible opportunity, we will consider the claim despite the fact that, at the time of the original PCRA, the prior version of the law remained in effect. **See**, **e.g.**, **Commonwealth v. Crumbley**, 2022 WL 221556, at *1 (Pa. Super., 2022) (". . . . [L]ayered claims of ineffective PCRA counsel may now be raised for the first time on appeal if that is the earliest practical opportunity to do so.") (citing **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021)).

_____

[10] The Commonwealth argues that Appellant waived this claim by raising it for the first time on appeal. Commonwealth's Brief at 14. In the alternative, the Commonwealth contends that because Appellant withdrew his direct appeal, he has waived any PCRA claims that could be raised relating to that direct appeal. **Id.** at 11-12 (citing **Commonwealth v. Hanyon**, 772 A.2d 1033, 1035-36 (Pa. Super. 2001)). However, **Hanyon** concerns similar issues to those **Bradley** attempted to resolve, namely, that a petitioner could not challenge in a timely petition the ineffectiveness of earlier PCRA counsel. **Hanyon**, 772 A.2d at 1036.

Appellant's claim that his prior PCRA counsel was ineffective for failing to raise the ineffectiveness of direct appeal counsel is a layered claim. Generally, regarding layered claims of ineffectiveness,

> for a petitioner to properly raise and prevail on a layered ineffectiveness claim, sufficient to warrant relief if meritorious, he must plead, present, and prove the ineffectiveness of Counsel 2 (appellate counsel), which as we have seen, necessarily reaches back to the actions of Counsel 1 (trial counsel). To preserve (plead and present) a claim that Counsel 2 was ineffective in our hypothetical situation, the petitioner must: (1) plead, in his PCRA petition, that Counsel 2 was ineffective for failing to allege that Counsel 1 was ineffective [for not raising the claim]; and (2) present argument on, *i.e*, develop, each prong of the **Pierce** test as to Counsel 2's representation, in his briefs or other court memoranda. Then, and only then, has the petitioner preserved a layered claim of ineffectiveness for the court to review; then, and only then, can the court proceed to determine whether the petitioner has proved his layered claim.

**Commonwealth v. McGill**, 832 A.2d 1014, 1022 (Pa. 2003).

Our standard of appellate review concerning the trial court's rulings regarding the Commonwealth's closing argument is abuse of discretion. **See Commonwealth v. Sanchez**, 82 A.3d 943, 981. A prosecutor may make fair comment on the admitted evidence and may provide fair rebuttal to defense arguments. **Id.** (citation omitted). Finally, "[r]eversible error occurs only when the unavoidable effect of the challenged comments would prejudice the jurors and form in their minds a fixed bias and hostility toward the defendant such that the jurors could not weigh the evidence and render a true verdict." **Id.** (citation omitted).

Here, the PCRA court discussed the background of Appellant's claim as follows:

> [Appellant] contends that his trial counsel should have asserted on appeal that the trial court erred when it overruled trial counsel's objection [to] the prosecutor's remark in closing argument that he was unable to show motive because he lacked witnesses to do so. The precise exchange was as follows:
>
> > **[THE COMMONWEALTH]:** Mr. Rendine is right, I stood up in the opening statement and told you about the motive, and folks, I had every intention of presenting it, but you now know that I didn't have any witness I wanted.
> >
> > **[APPELLANT]:** Objection, Your Honor.
> >
> > **THE COURT:** Objection is overruled. It's responsive and there's also a stipulation as to the witness, so the [*sic*] therefore the objection is overruled.
>
> [N.T. Trial, 1/15/09, at 321-22].
>
> The prosecutor had told the jury that during his opening that he would present evidence that [Appellant] and Ingram, the other victim in the shooting, had an ongoing dispute about the death of Ingram's cousin in an unrelated incident and that the defense witness testimony, especially Johnson's sisters, was compromised by the knowledge of the "bad blood" between the two men. [N.T. Trial, 1/13/09, at 22-25]. In this opening statement, the prosecutor promised to show the bias of [Appellant's] witnesses with evidence of a feud between the two men. [N.T. Trial, 1/13/09, at 42]. In his closing argument, defense counsel faulted the [C]ommonwealth for its failure to follow through with this evidence.

PCRA Ct. Op, 5/10/21, at 3-4. The PCRA court concluded that the Commonwealth's remarks were a fair response to Appellant's closing argument that the prosecution "had failed to show witness motive to slant testimony against" Appellant. *Id.* at 4. The PCRA court also noted that the

- 18 -

absent eyewitness[11] had been the subject of a stipulation between counsel, and the stipulation was presented to the jury with a cautionary instruction. *Id.* Finally, the trial court instructed the jury on their responsibilities regarding witness credibility. *See id.* at 5 (citing N.T. Trial, 1/13/09, at 12, 161; N.T. Trial, 1/15/09, 51, 122, 192; N.T. Trial, 1/16/09, at 25, 32, 35-36). The PCRA court concluded that first PCRA counsel's omission of this issue on appeal was a reasonable assessment of its strength on the merits, and that Appellant could not demonstrate that direct appeal counsel's performance in not appealing the trial court's ruling on the Commonwealth's closing remarks, lacked a reasonable strategic basis. *Id.* at 5-6. Further, on this record, Appellant has failed to prove that he was prejudiced because the trial court acted appropriately within its discretion by expressly instructing the jury about the missing witness, therefore, Appellant has not shown how the Commonwealth's closing remarks negatively affected the verdict. *Id.* at 6.

_____

[11] The absent eyewitness, an individual named Maci Griffin, a/k/a Moosey, a/k/a Dominique Keys, had been subpoenaed to testify. N.T. Trial, 1/14/09, at 79-81. However, in a completely unrelated matter, Mr. Griffin had himself been shot in the head in October 2008 and had survived but lost half of his skull in the incident. *Id.* Mr. Griffin underwent surgery on January 15, 2009, and was unable to testify at trial. *Id.*

The trial court instructed the jury, "It had nothing to do with this case. The only reason you are to consider this evidence . . . is obviously you've heard the name Dominque Keys, you've heard the name Moosey, and the expectation that you hear from him just understand that because of the physical condition that occurred in an incident completely unrelated to this case and because of the serious nature of that and the surgery, you will not be able to hear from him, and that is the only reason for which you are to consider that testimony." *Id.*

We agree with the PCRA court's analysis that Appellant did not prove that prior PCRA counsel's failure to appeal direct appeal counsel's decision not to appeal the trial court's ruling on the Commonwealth's closing remarks was unreasonable, nor was there a reasonable probability of a different outcome. Additionally, as this was a layered claim of ineffectiveness, first PCRA counsel cannot be deemed ineffective for failing to raise a meritless claim. *Epps*, 240 A.3d at 645; *McGill*, 832 A.2d at 1022. Accordingly, no relief is due. *See Sandusky*, 203 A.3d at 1043-44.

For these reasons, we conclude that the PCRA court's determinations were supported by the record and that there was no error of law by the PCRA court in dismissing Appellant's PCRA petitions. *See id.* at 1043. Accordingly, we affirm the PCRA court's orders.

Order affirmed.

Judge McLaughlin joins the memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/18/2022

- 20 -